UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Case No._____

JEROME BAILEY, #08508-000
POB 630
Winton, Petitioner
NC 27986-0630

v.

COURT SERVICE and OFFENDERS
SUPERVISION AGENCY

UNITED STATES PAROLE
COMMISSION,

    Respondents

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**COMPLAINT FOR APPLICATION
FOR INJUNCTION PURSUANT
TO RULE 65 OF FEDERAL
RULES OF CIVIL PROCEDURES**

Case: 1:07-cv-01501
Assigned To : Bates, John D.
Assign. Date : 8/22/2007
Description: HABEAS CORPUS

I, Jerome Bailey, <u>pro se</u>, litigant ask this Honorable Court to grant this complaint for Injunction, to enjoin the commitment into the Re-Entry Sanction Center or any other treatment facility on August 21, 2007, or anytime after, that is pending with Court Service and Offenders Supervision Agency and the United States Parole Commission.

STATEMENT

Since there are only twenty (20) days until August 21, 2007, this complaint has been brought by a emergency order to show cause and no prior request has been made for the relief requested herein.

**In support of this complaint petitioner states:**

1. Pettioner should have been informed at his Probable Cause Hearing in plain and uncertain terms of what punishment could be exacted as well as to what extent to impose aftercare and commitment into the Re-Entry Sanction Center.

**RECEIVED**er early release had a significant part in

peti AUG 06 2007 decision to accept the Advance Consent To Expedited

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Revocation (Plea Bargain) of 12 months, with the undisputed
and essential understanding that I would be released on August
21, 2007, back into society.

3.  Petitioner is being denied his liberty after fulfilling
the requirements of his plea bargain of 12 months. This denial
of my liberty is punitive in nature and commits me back into
a penal-type setting.

4.  Petitioner commitment into the Re-Entry Sanction Center
or any other treatment facility will cause me to suffer a loss
of the basic privileges, because of the restrictions and
restraints that will be placed upon me.

5.  The Re-Entry Sanction Center is a assessment center
for drug treatment and further drug treatment into a residential
treatment, "this is not re-entry, this is more of a sanction
with punitive action.

6.  According to the United States Parole Commission guide-
lines 28 C.F.R. § 2.204 (6) (vi), page 183 dated August 15,
2003 states: If the releasee is supervised by the District of
Columbia Court Service and Offender Supervision Agency, the
releasee shall submit to the sanctions imposed by the supervision
officer within the limits established by an approved schedule
of graduated sanctions if the supervision officer finds that the
releasee has tested positive for illegal drugs or has committed
a noncriminal violation of the conditions of release. Nothwith-
standing the imposition of a graduated sanction, if the Commission
believes the releasee is a risk to the public safety, or is not

2

complying in good faith with the sanction imposed, the commission may commence revocation proceedings on the alleged violation(s) upon which the graduated sanction was based. Petitioner have not been released or on supervison, therefore how can Court Service and Offender Supervision Agency sanction me for commitment into the Re-Entry Sanction Center.

7. When my release requires participation in a drug program I must be given the opportunity to demonstrate that sanction program is warranted or that I am a low risk. According to the United States Parole Commission guidelines 28 C.F.R. § 2.204 (6) (3), page 183, dated August 15, 2003, states: If the Commission requires the releasee's participation in a drug treatment program the releasee must submit to a drug test within 15 days of release and to at least two other drug tests, as determined by the supervision officer. A decision not to impose this special condition, because available information indicates a low risk of future substance abuse by the releasee, shall constitute good cause ....

8. Some of the restriction and restraints are: No outside physical contact, 24 hours 7 days a-week supervision, Confined to the Re-Entry Sanction CEnter, Subject to room and personal search, Share sleeping quarters, Control bed time, Subject to urine and breath testing, these are the same restriction and restraints in a penal-type setting. Other restriction and restraints are no visitation, no phone calls in or out, even in a penal-type setting you have the privileges of vistation

3

and phone calls under 28 C.F.R. § 540.40 and § 540.100.

    9. According to my Notice of Action I wqs approved by
the United States Parole Commission for placement in a Community
Correction Center (Halfway House), date November 2, 2006. I
am being denied the placement. According to 18 U.S.C. § 3624
(c), I should be given this opportunity.

    10. Petitioner will not be awarded credit towards his
sentence for the commitment in the Re-Entry Sanction Center or any
other treatment facility. This denial of credit towards my
sentence have a major impact on my expiration.

                            Respectfully submitted,

                            Jerome Bailey, pro se

### RELIEF SOUGHT

**WHEREFORE**; based on the foregoing complaint, petitioner
respectfully ask this Honorable Court to grant a **ORDER** FOR
Injunctive relief pursuant to Rule 65 of the Federal Rules of
Civil Procedures.

    To enjoined Court Service and Offender Supervision Agency
and United States Parole Commission of their commitment of
petitioner into the Re-Entry Sanction Center or any other treat-
ment facility and to enjoin any continued restriction and
restraints.

    To order a immediate hearing for show cause to respondents.

    A order that petitioner be released on parole back into
society or placement into a halfway house on August 21, 2007.

Retain jurisdiction of this action until respondents have complied with the courts order.

Appoint counsel to represent petitioner in this action.

Any other relief this court may deem just and proper.

## CONCLUSION

**Petitioner Pray, that this Honorable Court issue an order for Injunction.**

Petitioner is a pro se litigant and ask this Honorable Court not to hold him to the same standard as attorneys. Haines v. Kerner 92 S.Ct. 594 (1972).

Respectfully submitted,

Jerome Bailey, pro se
Reg. No. 08508-000
P.O. Box 630
Winton, N.C. 27986-0630

CERTIFICATION

I, Jerome Bailey, do hereby declare that I am the petitioner in this complaint for Injunction.

I, certify that the attached copies of documents (identified as attachments 1 through 5) are true and accurate copies of official records, as held in the ordinary course of bussiness by Court Service and Offender Supervision Agency and the United States Parole Commission.

Pursuant to 18 U.S.C. § 1746, I do declare under penalty of perjury that the foregoing documents are true and correct to the best of my knowledge.

Executed on this __3/st__ day of __July__ 20__07__.

_Jerome Bailey_
Jerome Bailey
Reg. No. 08508-000
P.O. Box 630
Winton, N.C. 27986-0630

A T T A C H M E N T :   1

Option A

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

### Bottom of Guidelines

I, _Jerome Bailey_, Register No. _08508 -000_,
agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the
Commission is not obligated to render an Expedited Decision in my case. I also understand my consent
does not constitute an enforceable agreement with respect to any action the Commission is authorized to
take by law or regulation. By executing this form, I am advising the Commission, in advance of any
possible offer, that I will accept the Expedited Decision described below. I understand if the
Commission does not approve the examiner's recommendation for an Expedited Decision, I will be
granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited
Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing
under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also
understand if I have committed disciplinary infractions or new criminal conduct, during any period of
confinement that is credited toward my guidelines, the Commission may include rescission guidelines
specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause
Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result
of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient
Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release
conditions, after I signed this advanced consent to an Expedited Decision, I may request that the
Commission amend its decision.

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range.  If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

_Drug Aftercare_

_____

Alleged Violator:  X _Jerome Bailey_              X _08508-000_
                           Print Name                                    Register No.

                   X _Jerome Bailey_              X _8/25/06_
                           Signature                                     Date

Attorney:          _Anna Bodnar_                  _8/25/06_
                           Signature                                     Date

USPC Examiner:     _Donna A. McLean_              _8/25/06_
                           Signature                                     Date

A T T A C H M E N T  2

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**RECEIVED**

SEP 1 9 2006

Special Litigation Division

**Notice of Action** 

Name: BAILEY, Jerome
Register Number: 08508-000
DCDC No: 192-155

Institution: D.C. Correctional Treatment Facility

Date: September 18, 2006

## ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on August 25, 2006 and approved by the Commission on 9/14/2006:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a presumptive parole on August 21, 2007 after the service of 12 months.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Violation of Special Condition (Drug Aftercare)

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

---

Bailey 08508-000
Queued: 09-18-2006 13:40:53 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit X-Team 21, 1230 Taylor Street | USM-District of Columbia - District Court, D.C. District Court | FPD-
District of Columbia, District of Columbia - DC |

-1-

Clerk: OMG

A T T A C H M E N T   3



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Investigations, Diagnostics, and Evaluations Branch*
*Transitional Intervention for Parole Supervision (TIPS)*

I. Overton, Case Manager
Rivers Correctional Institution
145 Parker's Fishery Road
Winton, NC 27986

May 1, 2007

Subject: Bailey, Jerome
DCDC#: 192-155
PDID#: 318-038
Register No.: 08508-000
Current Offense: Possession with Intent to Distribute
Controlled Substance & Unlawful Possession
With Intent to Distribute Controlled Substance
Release Method/Date: Parole/8-21-07

Dear Ms. Overton,

In accordance with the Parole Release Conditions dated November 2, 2006, which requires drug treatment as prescribed by the assigned Community Supervision Officer, this officer referred the offender to the Re-Entry Sanction Center (RSC), a twenty-eight day inpatient assessment center, where an assessment will be conducted to address substance abuse needs. Please inform the offender that this is an assessment program, which means that the offender may perhaps be referred for additional drug treatment upon completion of his 28-day assessment. Please notify the inmate that placement at the RSC is **mandatory**. The approved address is as follows:

Re-Entry Sanction Center
1900 Massachusetts Avenue, SE
Karrick Hall, Building 17
Washington, DC 20003
Phone: (202) 442-1150

Please inform the offender that the Reentry Sanction Center is a non-smoking facility. He should bring a 30-day supply of any prescribed medication and should have 6-7 days worth of clothing to include shower shoes, pajamas, and cosmetics.

The case will be forwarded to the Offender Processing Unit (OPU) for case assignment. Enclosed you will find the offender's Reporting Instructions that must be signed and faxed to OPU at 202-585-7520. Any additional correspondence should be forwarded to OPU at 300 Indiana Ave., NW, Room 2070, Washington, DC 20001 or you may contact them directly at (202) 585-7377, should you have questions.

Respectfully Submitted,

Thressia Ingram
Community Supervision Officer

Approved by: Sharon Mays Jacks    5/2/07
Supervisory Community Supervision Officer
800 North Capitol Street, NW, 2224, Washington, DC 20002
Voice: (202) 442-1488  Fax: (202) 442-1598

A T T A C H M E N T  4

(v) The releasee shall provide a DNA sample, as directed by the supervision officer, if collection of such sample is authorized by the DNA Analysis Backlog Elimination Act of 2000.

(vi) If the releasee is supervised by the District of Columbia Court Services and Offender Supervision Agency, the releasee shall submit to the sanctions imposed by the supervision officer within the limits established by an approved schedule of graduated sanctions if the supervision officer finds that the releasee has tested positive for illegal drugs or has committed a noncriminal violation of the conditions of release. Notwithstanding the imposition of a graduated sanction, if the Commission believes the releasee is a risk to the public safety, or is not complying in good faith with the sanction imposed, the Commission may commence revocation proceedings on the alleged violation(s) upon which the graduated sanction was based.

(vii) As directed by the supervision officer, the releasee shall notify a person of a risk of harm that may be determined from a review of the releasee's criminal record or personal history and characteristics. In addition, the supervision officer is authorized to make such notifications as are permitted by the Commission's rules, and to confirm the releasee's compliance with any notification directive.

(b)(1)  *Special conditions of release.*  The Commission may impose a condition other than a condition set forth in paragraphs (a)(3)-(6) if the Commission determines that such condition is necessary to protect the public from further crimes by the releasee and provide adequate supervision of the releasee.

(2)  The following are examples of special conditions frequently imposed by the Commission –

(i) that the releasee reside in or participate in the program of a community corrections center, or both, for all or part of the period of supervision;

(ii) that the releasee participate in a drug - or alcohol -treatment program, and abstain from all use of alcohol and other intoxicants;

(iii) that, as an alternative to incarceration, the releasee remain at home during nonworking hours and have compliance with this condition monitored by telephone or electronic signaling devices; and

(iv) that the releasee permit a supervision officer to conduct a search of the releasee's person, or of any building, vehicle, or other area under the control of the releasee, at such time as that supervision officer shall decide, and to seize contraband found thereon or therein.

(3) If the Commission requires the releasee's participation in a drug-treatment program, the releasee must submit to a drug test within 15 days of release and to at least two other drug tests, as determined by the supervision officer. A decision not to impose this special condition, because available information indicates a low risk of future substance abuse by the releasee, shall constitute good cause for suspension of the drug testing requirements of 18 U.S.C. 3583(d).

(c) Changing conditions of release.  (1) The Commission may at any time modify or add to the conditions of release if the Commission determines that such modification or addition is necessary to protect the public from further crimes by the releasee and provide adequate supervision of the releasee.

(2)(i) Except as provided in paragraph (c)(2)(ii), before the Commission orders a change of condition, the releasee shall be notified of the proposed modification or addition and, unless waived, shall have 10 days from receipt of such notification to comment on the proposed modification or addition. Following that 10-day period, the Commission shall have 21 days, exclusive of holidays, to determine whether to order such modification or addition to the conditions of release.

(ii) The 10-day notice requirement of paragraph (c)(2)(i) does not apply to a change of condition that results from a revocation hearing for the releasee, a determination that the modification or addition must be ordered immediately to prevent harm to the releasee or to the public, or a request from the releasee.

A T T A C H M E N T  5

U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

**Notice of Action**

Name:  BAILEY, Jerome
Register Number:  08508-000
DCDC No:  192-155                                   Institution:  Rivers CI

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82 and 2.83(d):

Date:       November 2, 2006

No Change in presumptive parole date of August 21, 2007 and parole effective August 21, 2007 with the 120-day CCC placement condition.

**With the special condition(s) as indicated below:**

You shall reside in and participate in a program of the Community Corrections Center as instructed until discharged by the center director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS**:

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. The Commission has further determined, based upon a request from the Case Manager that the CCC placement be added as a special condition because you are unable to secure a satisfactory release plan.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C.  20001

faxed to DSC(5)
Clerk:  SRM  NOV - 3 2006
C. Harrell

07-1501
G
JDB

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Jerome Bailey

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

Pro Se (PR)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 08508·000

## DEFENDANTS

Court Services + Offenders Supervision Agency et al.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:07-cv-01501
Assigned To : Bates, John D.
Assign. Date : 8/22/2007
Description: HABEAS CORPUS

## II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust

☐ 410 Antitrust

### ☐ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

O

| □ G.  *Habeas Corpus/ 2255* | □ H:  *Employment Discrimination* | □ I.  *FOIA/PRIVACY ACT* | □ J.  *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment<br>(criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ K.  *Labor/ERISA (non-employment)* | □ L.  *Other Civil Rights (non-employment)* | □ M.  *Contract* | □ N.  *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

✓ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

**VI.  CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 2241

**VII.  REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS   □   ACTION UNDER F.R.C.P. 23   **DEMAND $** O   Check YES only if demanded in complaint   **JURY DEMAND:** □ YES   ✓ NO

**VIII.  RELATED CASE(S) IF ANY**   (See instruction)   □ YES   ✓ NO   If yes, please complete related case form.

DATE 8/22/07   SIGNATURE OF ATTORNEY OF RECORD   NCD

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd