UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 2 2 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| JEROME BAILEY, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> COURT SERVICES AND OFFENDERS ) <br> SUPERVISION AGENCY, et al., ) <br> ) <br> Respondents. ) | Civil Action No. 07 1501 |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on review of a *pro se* complaint, an application for a preliminary injunction, and a motion to proceed *in forma pauperis*. Petitioner is serving a parole revocation sentence at the Rivers Correctional Institution in Winton, North Carolina. For the reasons stated below, the motion to proceed *in forma pauperis* will be granted and the motion for a preliminary injunction denied.

I.

On September 18, 2006, the United States Parole Commission ("Commission") revoked petitioner's parole based on the following violations: (1) failure to submit to drug testing; (2) use of dangerous and habit-forming drugs; and (3) and failure to participate in a drug aftercare program. Compl., Attach. 2. The Commission ordered petitioner to serve a 12 month sentence and to be paroled on August 21, 2007. *Id.* In addition, the Commission required petitioner to be subject to special drug and alcohol aftercare conditions as instructed by the Court Services and

Offender Supervision Agency for the District of Columbia ("CSOSA"). *Id.* Petitioner was ordered to reside in a Community Corrections Center for 120 days. *Id.* Attach. 5.

On May 1, 2007, in accordance with the parole conditions, CSOSA informed petitioner that upon his release from custody he was to report to the Re-Entry Sanction Center ("RSC") in Washington, DC. *Id.* Attach. 3. RSC is an in-patient assessment center that will determine petitioner's substance abuse needs. *Id.* Petitioner is scheduled to report to RSC on August 21, 2007. Compl. at 1.

## II.

Petitioner seeks an order enjoining CSOSA and the Commission from committing him to the RSC or any other treatment facility. This court may issue interim injunctive relief only when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits. *Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam). Absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F.Supp.2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The four factors should be balanced on a sliding scale, and a party can compensate for a

lesser showing on one factor by making a very strong showing on another factor. *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. Moreover, the other salient factor in the injunctive relief analysis irreparable injury. A movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction. *Id.* (quotation omitted). If a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *Id.*

Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and tailored to remedy the harm shown. *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (citation omitted).

Petitioner challenges the Commission's decision to impose a special condition of parole that petitioner reside in a residential drug treatment center. Decisions of the Commission are committed to the agency's discretion. *Fletcher v. Dist. of Columbia*, 481 F.Supp.2d 156, 164 (D.D.C. 2007); *Barnard v. Poteat*, 271 F.Supp.2d 49, 51 (D.D.C. 2002). Absent a constitutional violation, a court should not disturb the Commission's parole decisions. *Alamo v. Clay*, 137 F.3d 1366, 1368 (D.C. Cir. 1998); *Maynard v. United States Parole Comm'n*, No. 04-1470, 2006 WL 389753, at *3 (D.D.C. Feb. 17, 2006).

The Commission's actions in petitioner's case were a matter of discretion. The

imposition of the special condition that petitioner reside in a community treatment center is a reasonable one and clearly related to the goals of the parole system. For these reasons, the Court finds that petitioner has not demonstrated that there is a substantial likelihood that he will succeed on the merits of his claim.

Petitioner claims that he will be irreparably harmed by the restrictions that will be imposed upon him at the RSC. According to petitioner, he will be subject to constant supervision, searches of his sleeping quarters, and drug testing, and deprived of visitation privileges. Compl. at 3. He also alleges that placement at the treatment facility will deprive him of credit towards his sentence.

Since the court has concluded that the conditions imposed by the Commission are reasonable, the consequences of those conditions are not the type of harm that justify injunctive relief. Finally, it would be against the public interest to release petitioner to the community without requiring him to receive treatment for his drug problems.

### III.

Based on the foregoing, it is

ORDERED that petitioner's motion for a preliminary injunction is DENIED. It is

FURTHER ORDERED that the motion to proceed *in forma pauperis* is GRANTED.

_____
United States District Judge

DATE: 8/16/2007