## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JEROME BAILEY, | : | |
| Petitioner | : | Civil Action No. 07-1501(JDB) |
| | : | Judge John D. Bates |
| v. | : | |
| | : | |
| COURT SERVICES AND OFFENDERS | : | |
| SUPERVISION AGENCY, et. al., | : | |
| Respondents | : | |

### FEDERAL RESPONDENTS' OPPOSITION TO PETITIONER'S
### PETITION FOR A WRIT OF HABEAS CORPUS

The federal respondents, by and through their attorney, the United States Attorney for the District of Columbia, hereby respectfully file their opposition to the petitioner's pro se petition for a writ of habeas corpus.[1]  In support of his petition, the petitioner claims that the U.S. Parole Commission ("the Commission") lacks the authority to order his commitment to the Re-Entry and Sanctions Center ("RSC") or any other drug treatment program as a special condition of his parole.  Because the Commission's requirement of drug treatment is a reasonable one, the petitioner has failed to establish any legal error and his petition for a writ of habeas corpus should be summarily denied.

### PROCEDURAL HISTORY

On December 11, 1985, the petitioner, Jerome Bailey, was sentenced in Superior Court of the District of Columbia  F6273-85 to a term of imprisonment of  4 to 12 years for his conviction

---

[1]On July 31, 2007, the petitioner filed a complaint for injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure.  On August 15, 2007, the Honorable Ricardo Urbina denied the motion for injunctive relief. See Exhibit A-1 (Order dated 8/15/07).  This Court has properly construed the remainder of the pleading as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

for unlawful possession with intent to distribute a controlled substance, to run concurrently with a 4-12 year term in F6929-84 for another drug offense. See Exhibit A-2 (Judgment and Commitment Order in F6273-85 and Judgment and Commitment Order for F6929-84). The petitioner was released on parole on October 11, 1989 and was to remain under parole supervision until October 11, 1997, his full-term sentence date. See Exhibit B (Certificate of Parole). Special drug aftercare was one of the petitioner's conditions of parole. See Exhibit B at p. 2 and Exhibit C (Notice of Action). On November 3, 1992, the Commission issued a parole violator warrant, charging the petitioner with possession with intent to distribute cocaine, failure to report an arrest, and use of dangerous and habit forming drugs. See Exhibit D (Warrant and Warrant Application). After a parole revocation hearing on June 21, 1995, the Commission revoked the petitioner's parole on August 9, 1995, and established a re-parole date of December 18, 1995, with special drug aftercare as one of his conditions of parole. See Exhibit E (Revocation Hearing Summary) and Exhibit F (Notice of Action).

In October 1995, the petitioner was transferred to the jurisdiction of the former District of Columbia Board of Parole ("the Board") from the Commission because of his physical transfer from the U.S. Bureau of Prisons ("BOP") to the D.C. Department of Corrections. See Exhibit G (Memorandum). The Board granted the petitioner re-parole on January 24, 1996, with special parole conditions including narcotics surveillance, and participation in an outpatient drug program. See Exhibit H (Notice of Board Order) and Exhibit I (Certificate of Parole).

On May 10, 1999, the Board revoked the petitioner's parole for illegal drug use and failure to obey all laws. See Exhibit J (Notice of Board Order). On August 2, 1999, the Board granted the petitioner re-parole with the special conditions of participation in an inpatient drug

program for a minimum of six months, followed by an outpatient drug program, and continued

narcotics surveillance. See Exhibit K (Certificate of Parole).

On December 18, 2000, the Commission issued a parole violator warrant for the

petitioner for violating the conditions of his parole by using cocaine and opiates, and refusing to

participate in the drug aftercare program. See Exhibit L (Warrant Application and Warrant).[2]  On

August 30, 2001, a parole revocation hearing was conducted and, on September 25, 2001, the

Commission revoked his parole, and set a presumptive release date of October 13, 2002, with a

special drug aftercare condition. See Exhibit M (Revocation Hearing Summary) and Exhibit N

(Notice of Action).  The petitioner was re-paroled on October 13, 2002, with a sentence

expiration date of April 29, 2008.  See Exhibit O (Certificate of Parole).

The Commission sent the petitioner an official letter of reprimand, dated September 26,

2005, warning him that his continued use of illegal drugs could result in the issuance of a warrant

for his arrest. See Exhibit P (Letter of Reprimand).  On December 27, 2005, the Commission

issued a parole violator warrant charging petitioner with failure to submit to drug testing, and use

of cocaine and opiates. See Exhibit Q (Warrant Application and Warrant).  On February 16,

2006, the Commission withdrew the warrant based upon the request of his community

supervision officer to rescind the warrant because the petitioner had completed a drug

detoxification program and, thereafter, enrolled in a long-term drug treatment program.  See

Exhibit R (Memorandum) and Exhibit S (Notice of Action).  On August 8, 2006, the

---

[2]On August 5, 2000, the Commission assumed the responsibility of making parole
revocation decision for all D.C. Code felony offenders formerly made by the Board. See
National Capital Revitalization and Self-Improvement Act of 1997, Public Law No. 105-33,
§ 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131.

Commission issued another parole violator warrant charging the petitioner with failure to submit

to drug testing, use of cocaine and opiates, and violation of the special drug aftercare condition

(i.e., termination from the inpatient drug treatment program). See Exhibit T (Warrant Application

and Warrant).  A probable cause hearing was held on August 25, 2006, and the hearing examiner

found probable cause on all of the charges. See Exhibit U (D.C. Probable Cause Hearing Digest).

At the hearing, the petitioner agreed to an expedited revocation decision at the bottom of the

guidelines. See Exhibit V (Advanced Consent to Expedited Revocation Decision); 28 C.F.R. §

2.66.[3]  As such, he also consented to the special condition of drug aftercare. Id. at p. 2.

The Commission revoked the petitioner's parole on September 18, 2006 pursuant to the

terms of petitioner's expedited revocation proposal, established a presumptive re-parole date of

August 21, 2007, with a special drug aftercare condition. See Exhibit W (Notice of Action).  On

November 2, 2006, the Commission added the special condition of a 120-day placement in a

community corrections center because the petitioner had been unable to secure a satisfactory

release plan and re-affirmed the special drug aftercare condition.  See Exhibit X (Notice of

Action).

On May 1, 2007, the petitioner's community supervision officer, employed by the Court

Services and Offender Supervision Agency for the District of Columbia ("CSOSA"),

recommended to the Commission that a special condition of release be added to include the

petitioner's participation in the drug treatment program of Re-Entry and Sanctions Center

---

[3]An "expedited revocation procedure" means that the parolee agrees to the revocation of
his parole, without a hearing.  By the petitioner's acceptance of this offer, he accepted
responsibility for his violations, waived his right to a revocation hearing, consented to the
sanction proposed by the Commission, and waived his right to appeal the revocation decision.

("RSC") based upon the petitioner's criminal and substance abuse history. See Exhibit Z (Letter dated 5/1/07).[4]  On July 12, 2007, the Commission removed the special condition of a 120-day placement in a community corrections center and replaced it with the condition of the petitioner's participation in RSC. See Exhibit AA (Notice of Action).  The petitioner was re-paroled on August 21, 2007, with a full-term sentence date of March 6, 2012. See Exhibit BB (Certificate of Parole).  Upon his release, the petitioner was admitted to the RSC. Id.  The petitioner was discharged from RSC to transitional housing at Federal City Recovery Services ("FCRS") on September 18, 2007 for further drug treatment.  See Exhibit CC (Treatment History).  The petitioner currently is participating in drug treatment at FCRS and is expected to be discharged on December 17, 2007. Id.

## ARGUMENT

"The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3).  The petitioner claims that he should be release directly to the community on parole or to a halfway house because the Commission does not have the authority to require him to participate in a drug treatment program, to which he has not agreed, as a condition of his parole.[5]  The petitioner's claim is without merit and should be summarily denied.

---

[4] RSC is a residential facility that houses offenders/defendants with extensive substance abuse histories.  See Exhibit Y (Policy Statement).

[5]Although the petitioner filed his habeas petition when he was incarcerated in a federal institution on Winton, North Carolina, the Court acquired jurisdiction when the petitioner was paroled to the supervision of CSOSA in the District of Columbia. See Jones v. Cunningham, 371 U.S. 236, 243 (1963) (a petitioner who is on parole is "in custody" for purposes of the habeas statute); Matthews v. Meese, 644 F.Supp. 380, 381 (D.D.C. 1986) (custodian of a parolee is his parole officer).

-5-

The Commission's regulation at 28 C.F.R. § 2.85(b) provides that the Commission may impose a special condition of parole if it determines that the condition is "necessary to protect the public from further crimes by the releasee and to provide adequate supervision of the releasee." The determination of what are reasonable conditions is committed to the Commission's discretion by law, and may not be reviewed as long as there is "some evidence" to support the Commission's findings.  See Kramer v. Jenkins, 803 F.2d 896, 901 (7th Cir. 1986) (court's review is limited to whether there is "some evidence" in support of the Commission's decision); Solomon v. Elsea, 676 F.2d 282, 290-91 (7th Cir. 1982) (court need only determine whether there is a rational basis in the record for the Commission's conclusions); Barnard v. Poteat, 271 F.Supp.2d 49, 51 (D.D.C. 2002).  Accordingly, the Commission's decisions and actions must stand unless they are contrary to law or there exists no rational basis for them.  See e.g. Gambino v. E.W. Morris, 134 F.3d 156, 160 (3rd Cir. 1998) ("the inquiry is only whether there is a rational basis in the record for the [Commission's] conclusions"); Walrath v. Getty, 71 F.3d 679, 683 (7th Cir. 1995) (same); Bialkin v. Baer, 719 F.2d 590, 593 (2d Cir. 1983) (same); Stanton v. U.S. Parole Comm'n., 2007 WL 1847993, *3 (D.D.C. June 27, 2007) (judicial review limited to determining if there has been an "abuse of discretion" and whether there is "rational basis" to support Commission's decision); Maynard v. U.S. Parole Comm'n., 2006 WL 389753, *3 (D.D.C. Feb. 17, 2006) (no violation of due process when parole decision has a rational basis and was adequately supported by the record).

The petitioner complains that he was not informed at his probable cause hearing "in plain and uncertain terms" that he could be ordered to participate in drug aftercare and that it was his "undisputed" understanding that he would be released from prison immediately back into

society.  There is no merit to the petitioner's claim because the advanced consent to expedited

revocation decision signed by petitioner, and his attorney, explicitly and unequivocally indicated

he accepted the special condition of "drug aftercare."  See Exhibit V at p. 2.  Thus, because the

petitioner specifically agreed to the very drug aftercare condition he now challenges, the

petitioner has waived the claim he now raises in his habeas petition. Therefore, the petitioner is

now in the position of a litigant who challenges agency action after having consented to the

agency taking that action. Cf. Duckett v. Quick, 282 F.3d 844, 848 (D.C. Cir.) (argument that due

process was violated because parolee was denied right to cross-examine witnesses in parole

revocation hearing failed because parolee waived right to cross-examine witnesses), cert. denied,

537 U.S. 863 (2002).  Moreover, based upon the fact that the drug aftercare special condition was

previously imposed as a condition of all of his prior parole terms, it seems disingenuous for the

petitioner to argue that he was not aware that a special condition of drug treatment aftercare

would be imposed during his current parole term.

Furthermore, the Commission did not exceed its authority when it ordered the special

condition of drug aftercare in a program approved by CSOSA (i.e., the RSC treatment program)

as a condition  "necessary to protect the public from further crimes by the releasee and to provide

adequate supervision of the releasee." 28 C.F.R. § 2.85(b).  Indeed, 28 C.F.R. § 2.204, made

applicable to D.C. parolees under 28 C.F.R. § 2.85(c), establishes procedures for imposing

special conditions and provides that the Commission may:

> at any time modify or add to the conditions of release if the Commission determines that
> such modification or addition is necessary to protect the public from further crimes by the
> releasee and provide adequate supervision of the releasee

See 28 C.F.R. § 2.204(c).[6]

The petitioner's repeated parole revocations for drug usage spanning over a decade, and his criminal history involving several convictions for unlawful possession with intent to distribute drugs, strongly supported the Commission's decision to modify the condition of his release from placement in a community corrections center to participation in drug aftercare at RSC. The Commission could rationally conclude that the special condition was essential for the petitioner's success on parole and, without that success, the general welfare of society would be threatened. See Morrissey v. Brewer, 408 U.S. 471, 477 (1972) ("conditions of parole, which often restrict a parolee's activities substantially beyond the ordinary restrictions imposed by law on individual citizens, are essential to the goal of reintegration"); Dare v. U.S. Parole Comm'n., 212 Fed.Appx. 144, 146 (3rd Cir. 2007) (special condition requiring placement in community corrections center was not arbitrary or capricious in view of petitioner's poor parole history); Fassler v. Pendleton, 110 Fed.Appx. 749, 751 (9th Cir. 2004) (special conditions of parole are upheld "if the Commission's record provides a rational basis for the decision"); Walrath v. Getty, supra, 71 F.3d at 683 (special conditions of parole, which may restrict a parolee's activities beyond restrictions imposed on ordinary citizens, are "essential to the goal of reintegration"); Green v. Quintana, 1993 WL 141124, *2 (10th Cir. 1993) ("Parole conditions

_____

[6]The petitioner erroneously cites § 2.204(b)(3) to support his claim that the Commission improperly imposed the special condition of drug aftercare prior to his release. He asserts that pursuant to the regulation he must be given the opportunity to demonstrate whether his participation in a drug treatment program is warranted by his conduct during parole. However, this regulation merely requires that a releasee must submit to a drug test within 15 days of release and to at least two other drug tests. If the available information indicates a low risk of future substance abuse, the drug testing requirements may be suspended. Additionally, as noted, the Commission has the authority to modify or add conditions of parole at any time, including the time prior to the petitioner's release. See 28 C.F.R. § 2.204(c).

-8-

must be sustained if there is a rational basis in the record for them."); Bagley v. Harvey, 718 F.2d

921, 925 (9th Cir. 1983) ("parole conditions must be sustained if there is a rational basis in the

record for them"; upheld special condition of parole that facilitated the parolee's rehabilitation);

Birzon v. King, 469 F.2d 1241, 1243 (2nd Cir. 1972) (government may impose restrictions to

ensure rehabilitation goal is not frustrated and that public is protected from further criminal acts

by parolee while on parole).  Because the special aftercare condition requiring drug treatment is a

reasonable one and clearly related to the goals of the parole system, the petitioner's petition

should be summarily denied.[7]

### CONCLUSION

For the foregoing reasons, the petitioner's petition for a writ of habeas corpus should be

summarily denied.

A proposed Order is attached.

---

[7]The petitioner's argument that he will be denied credit towards completion of his sentence for time spent at RSC or any other drug treatment center is not ripe. The petitioner is currently on parole and is moving towards completion of his sentence. However, if the petitioner violates the conditions of his parole and his parole is revoked, the time spent on parole, which includes time spent in a drug treatment facility, will be forfeited and he will not be entitled to receive sentence credit for this time. D.C. Code § 24-221.03, which provides for sentence credit for some time spent in an in-patient treatment program, limits the credit for a person who is "confined to a hospital" pursuant to a court order for examination purposes or treatment prior to trial or pending an appeal.  RSC is not a hospital and the petitioner is not pending trial or an appeal. Cf. Reno v. Koray, 115 S.Ct. 2021, 2029 (1995) (defendant ordered confined at a community treatment center pre-trial was not in "official detention" within the meaning of 18 U.S.C. § 3585(b) and therefore not entitled to credit against his sentence).

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610


   /s/  Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078


   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been filed electronically with the Court and served by mail upon the petitioner, Jerome Bailey, Fed. Reg. No. 08508-000,DCDC # 192-155, 920 Bellevue Street, S.E., Washington, D.C. 20032, this 16th day of October, 2007.


   /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JEROME BAILEY,** | : | |
| **Petitioner** | : | **Civil Action No. 07-1501 (JDB)** |
| | : | **Judge John D. Bates** |
| **v.** | : | |
| | : | |
| **COURT SERVICES AND OFFENDERS** | : | |
| **SUPERVISION AGENCY, et. al.,** | : | |
| **Respondents** | : | |

## ORDER

Upon consideration of the Petitioner's <u>Pro Se</u> Petition for a Writ of Habeas Corpus, the

Federal Respondents' Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, and

for the reasons stated in the Federal Respondents' Opposition, it is hereby

**ORDERED** that the show cause order as to the Federal Respondents is discharged, and

that Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED**, this _____day of _____, 2007.

_____
John D. Bates
U.S. District Court Judge

Copies to:

Jerome Bailey,
Fed. Reg. No. 08508-000
DCDC # 192-155
920 Bellevue Street, S.E.
Washington, D.C. 20032

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

# EXHIBIT A-1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

AUG 2 2 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

JEROME BAILEY,                          )
                                        )
            Petitioner,                 )
                                        )
        v.                              )       Civil Action No. 07 1501
                                        )
COURT SERVICES AND OFFENDERS            )
SUPERVISION AGENCY, et al.,             )
                                        )
            Respondents.                )

_____)

MEMORANDUM OPINION AND ORDER

This matter comes before the Court on review of a *pro se* complaint, an application for a preliminary injunction, and a motion to proceed *in forma pauperis*. Petitioner is serving a parole revocation sentence at the Rivers Correctional Institution in Winton, North Carolina. For the reasons stated below, the motion to proceed *in forma pauperis* will be granted and the motion for a preliminary injunction denied.

**I.**

On September 18, 2006, the United States Parole Commission ("Commission") revoked petitioner's parole based on the following violations: (1) failure to submit to drug testing; (2) use of dangerous and habit-forming drugs; and (3) and failure to participate in a drug aftercare program. Compl., Attach. 2. The Commission ordered petitioner to serve a 12 month sentence and to be paroled on August 21, 2007. *Id.* In addition, the Commission required petitioner to be subject to special drug and alcohol aftercare conditions as instructed by the Court Services and

1

Exhibit A-1

5

Offender Supervision Agency for the District of Columbia ("CSOSA"). *Id.* Petitioner was ordered to reside in a Community Corrections Center for 120 days. *Id.* Attach. 5.

On May 1, 2007, in accordance with the parole conditions, CSOSA informed petitioner that upon his release from custody he was to report to the Re-Entry Sanction Center ("RSC") in Washington, DC. *Id.* Attach. 3. RSC is an in-patient assessment center that will determine petitioner's substance abuse needs. *Id.* Petitioner is scheduled to report to RSC on August 21, 2007. Compl. at 1.

## II.

Petitioner seeks an order enjoining CSOSA and the Commission from committing him to the RSC or any other treatment facility. This court may issue interim injunctive relief only when the movant demonstrates:

> (1) a substantial likelihood of success on the merits, (2) that it would suffer irreparable injury if the injunction is not granted, (3) that an injunction would not substantially injure other interested parties, and (4) that the public interest would be furthered by the injunction.

*Mova Pharm. Corp. v. Shalala*, 140 F.3d 1060, 1066 (D.C. Cir. 1998) (quoting *CityFed Fin. Corp. v. Office of Thrift Supervision*, 58 F.3d 738, 746 (D.C. Cir. 1995)). It is particularly important for the movant to demonstrate a substantial likelihood of success on the merits. *Benten v. Kessler*, 505 U.S. 1084, 1085 (1992) (per curiam). Absent a "substantial indication" of likely success on the merits, "there would be no justification for the court's intrusion into the ordinary processes of administration and judicial review." *Am. Bankers Ass'n v. Nat'l Credit Union Admin.*, 38 F.Supp.2d 114, 140 (D.D.C. 1999) (internal quotation omitted).

The four factors should be balanced on a sliding scale, and a party can compensate for a

2

lesser showing on one factor by making a very strong showing on another factor. *CSX Transp., Inc. v. Williams*, 406 F.3d 667 (D.C. Cir. 2005) (citing *CityFed Fin. Corp.*, 58 F.3d at 747). "An injunction may be justified, for example, where there is a particularly strong likelihood of success on the merits even if there is a relatively slight showing of irreparable injury." *CityFed Fin. Corp.*, 58 F.3d at 747. Moreover, the other salient factor in the injunctive relief analysis irreparable injury. A movant must "demonstrate at least 'some injury'" to warrant the granting of an injunction. *Id.* (quotation omitted). If a party makes no showing of irreparable injury, the court may deny the motion for injunctive relief without considering the other factors. *Id.*

Because interim injunctive relief is an extraordinary form of judicial relief, courts should grant such relief sparingly. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Therefore, although the trial court has the discretion to issue or deny a preliminary injunction, it is not a form of relief granted lightly. In addition, any injunction that the court issues must be carefully circumscribed and tailored to remedy the harm shown. *Nat'l Treasury Employees Union v. Yeutter*, 918 F.2d 968, 977 (D.C. Cir. 1990) (citation omitted).

Petitioner challenges the Commission's decision to impose a special condition of parole that petitioner reside in a residential drug treatment center. Decisions of the Commission are committed to the agency's discretion. *Fletcher v. Dist. of Columbia*, 481 F.Supp.2d 156, 164 (D.D.C. 2007); *Barnard v. Poteat*, 271 F.Supp.2d 49, 51 (D.D.C. 2002). Absent a constitutional violation, a court should not disturb the Commission's parole decisions. *Alamo v. Clay*, 137 F.3d 1366, 1368 (D.C. Cir. 1998); *Maynard v. United States Parole Comm'n*, No. 04-1470, 2006 WL 389753, at *3 (D.D.C. Feb. 17, 2006).

The Commission's actions in petitioner's case were a matter of discretion. The

imposition of the special condition that petitioner reside in a community treatment center is a reasonable one and clearly related to the goals of the parole system. For these reasons, the Court finds that petitioner has not demonstrated that there is a substantial likelihood that he will succeed on the merits of his claim.

Petitioner claims that he will be irreparably harmed by the restrictions that will be imposed upon him at the RSC. According to petitioner, he will be subject to constant supervision, searches of his sleeping quarters, and drug testing, and deprived of visitation privileges. Compl. at 3. He also alleges that placement at the treatment facility will deprive him of credit towards his sentence.

Since the court has concluded that the conditions imposed by the Commission are reasonable, the consequences of those conditions are not the type of harm that justify injunctive relief. Finally, it would be against the public interest to release petitioner to the community without requiring him to receive treatment for his drug problems.

### III.

Based on the foregoing, it is

ORDERED that petitioner's motion for a preliminary injunction is DENIED. It is

FURTHER ORDERED that the motion to proceed *in forma pauperis* is GRANTED.

United States District Judge

DATE: 8/16/2007

4

# **EXHIBIT A-2**

N 54

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. _F 6729-84_

PDID No. _318-38_

vs.

_Jerome L. Bailey_

## JUDGMENT AND COMMITMENT/PROBATION ORDER,
### UPON REVOCATION OF PROBATION

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
_Count B: Unlawful Possession with Intent to_
_Distribute a Controlled Substance (Heroin)_

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been con-
victed of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
_Count B:_
_Original Sentence reinstated_
_4 to 12 years_

(Court recommends federal designation to Lexington, Ky)

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions).  The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_12-10-85_
Date

_Shellie F. Bowers_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_12-10-85_
Date

_____
Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney

Form CD(18)-1040/Apr. 83

83-7763-P—w60

CENTRAL FILE

Exhibit A-2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

Case No. _E-637-85_

PDID No. _375-637_

_Jerome L. Bailey_
_AKA Leroy S. Wilkerson_

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

_Possession with Intent to Distribute_
_a controlled Substance_

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

_Four (4) to Twelve (12) years in Jail_
_to run concurrent with any other Sentencing_

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☐ have not been paid.

**CENTRAL FILE**

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_12-11-85_
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_12-11-85_
Date

_____
Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney

Form CD(18)-1040/Apr. 83

83-7752-P—wd50

# **EXHIBIT B**

# U.S. Department of Justice
# United States Parole Commission

### Chevy Chase, Maryland 20815

## Certificate of Parole



Know all Men by these Presents:

It having been made to appear to the United States Parole Commission

that **BAILEY, JEROME** , Register No. **08508-000** , a prisoner in

the **SHAW I** is eligible to be PAROLED, and in that said prisoner
substantially observed the rules of the institution, and in the opinion of the Commission said prisoner's release
would not depreciate the seriousness of this offense or promote disrespect for the law, and would not jeopardize
the public welfare, it is ORDERED by the said United States Parole Commission that said prisoner be

PAROLED on **OCTOBER 11** ,19 **89** ; and that said prisoner is to remain

within the limits of **D.C.** until **OCTOBER 11** ,19 **97** ;

Given under the hands and the seal of the United States Parole Commission this **29TH** day

of **SEPTEMBER** , nineteen hundred and **89**

UNITED STATES PAROLE COMMISSION

**JUDITH L. SPELLER, SOCIAL SCIENCE TECH**

**SFT 5**

Initial Risk Category: _____

Advisor _____

Probation Officer **CUSPO, EUGENE WESLEY, JR., DISTRICT OF COLUMBIA**

I have read, or had read to me, the conditions of release printed on the reverse of this certificate and
received a copy thereof, I fully understand them and know that if I violate any, I may be recommitted. I
also understand that the law requires the Parole Commission to revoke my parole if I am found by the
Commission to have possessed any illegal controlled substance. I also understand that special conditions may
be added or modifications of any condition may be made by the Parole Commission upon notice required by law.

_____                    _____
(Name)                                        (Register Number)

WITNESSED _____

_____                    _____
(Title)                                          (Date)

UNITED STATES PAROLE COMMISSION
The above-named person was released on the _____ day of _____ , 19___ with a total of _____ days
remaining to be served.

_____
(Chief Executive Officer)

Exhibit B

PAROLE FORM H-8
JAN 89

FILE COPY

# CONDITIONS OF RELEASE

1. You shall go directly to the district shown on this CERTIFICATE OF RELEASE (unless released to the custody of other authorities). Within three days after your arrival, you shall report to your parole advisor if you have one, and the United States Probation Officer whose name appears on this Certificate. If in any emergency you are unable to get in touch with your parole advisor, or your probation officer or the United States Probation Office, you shall communicate with the United States Parole Commission, Department of Justice, Chevy Chase, Maryland 20815.

2. If you are released to the custody of other authorities, and after your release from physical custody of such authorities, you are unable to report to the United States Probation Officer to whom you are assigned within three days, you shall report instead to the nearest United States Probation Officer.

3. You shall not leave the limits fixed by this CERTIFICATE OF RELEASE without written permission from your probation officer.

4. You shall notify your probation officer within 2 days of any change in your place of residence.

5. You shall make a complete and truthful written report (on a form provided for that purpose) to your probation officer between the first and third day of each month, and on the final day of parole. You shall also report to your probation officer at other times as your probation officer directs, providing complete and truthful information.

6. You shall not violate any law. Nor shall you associate with persons engaged in criminal activity. You shall get in touch within 2 days with your probation officer or the United States Probation Office if you are arrested or questioned by a law-enforcement officer.

7. You shall not enter into any agreement to act as an "informer" or special agent for any law-enforcement agency.

8. You shall work regularly unless excused by your probation officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your probation officer any changes in employment.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, use, or administer marihuana or narcotic or other habit-forming or dangerous drugs, unless prescribed or advised by a physician. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not associate with persons who have a criminal record unless you have permission of your probation oficer.

11. You shall not possess a firearm or other dangerous weapon.

12. You shall permit confiscation by your probation officer of any materials which your probation officer believes may constitute contraband in your possession and which your probation officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.

13. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Probation Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, will cooperate with your Probation Officer in establishing an installment payment schedule.

SPECIAL CONDITIONS: (Applicable only if indicated)

( √ ) You shall participate as instructed by your probation officer in a program approved by the Parole Commission for treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs.

( ) You shall participate in a community based program for the treatment of alcoholism as directed by your probation officer.

( ) You shall participate in an in-patient or an out-patient mental health program as directed by your probation officer.

( ) You shall reside in and participate in a program of the Community Treatment Center as instructed until discharge by the Center Director, but no later than 120 days from admission.

( ) Other:

This CERTIFICATE will become effective on the day of release shown on the reverse side. If the release fails to comply with any of the conditions listed above, the release may be summoned to a hearing or retaken on a warrant issued by a Commissioner of the U.S. Parole Commission and reimprisoned pending a hearing to determine if the release should be revoked.

Information concerning a release under the supervision of the U.S. Parole Commission may be disclosed to a person or persons who may be exposed to harm through contact with that particular release if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning releasees may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**EXHIBIT C**

U.S. Department of Justice
United States Parole Commission
Chevy Chase, MD 20815

**NOTICE OF ACTION** 

PAROLE FORM H-7
AUG. 85

━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━

CORRECTED NOA AS OF 5/16/89

NAME __BAILEY, Jerome_____
REGISTER NUMBER___08508-000_____INSTITUTION ___ALLENWOOD_____
In case of the above-named the following action was ordered:

No change in presumptive parole and parole effective 10-11-89, with the special
drug aftercare condition.

*****************************************************************
(REASONS)

To reflect change in sentence computation.

*****************************************************************
Appeals Procedure:

_____The above decision is appealable to the National Appeals Board under 28
      CFR, 2.26
_____The above decision is an original jurisdiction decision, and is appealable
      to the Commission under 28 CFR 2.27
XXX___THE ABOVE DECISION IS NOT APPEALABLE

*****************************************************************
April__21, 1989_____NORTHEAST_____DANIEL R. LOPEZ_____mw_____
(Date)                  (Region)          (Commissioner)        (Docket Clerk)

                                                    **Exhibit** C

DISTRIBUTION: INMATE, INSTITUTION, ISM, USPO ^

**EXHIBIT D**

 

## ** W A R R A N T **

**U.S. Department of Justice**
**United States Parole Commission**

---

**To Any Federal Officer Authorized To Serve Criminal Process Within The United States:**

Whereas, BAILEY, Jerome Reg. No. 08508-000 was sentenced by the D.C. Superior Court to serve a sentence of <u>4-12</u> years, <u>0</u> months, and <u>0</u> days for the crime of UNLAWFUL POSSESSION WITH INTENT TO DISTRIBUTE HEROIN; PAROLE VIOLATOR and was on the 11th day of October, 1989, released on parole or in accordance with Sec. 4163, Title 18, U.S.C. (Mandatory Release) or Public Law 91-513 (Special Parole Term), from the Shaw I, Washington, DC with 2,922 days remaining to be served;

AND, Whereas, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by authority of Sec. 4213, Title 18, U.S.C., to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal of this <u>3rd</u> day of <u>November</u>, 19<u>92</u>.

_John R. Simpson_
_____
U.S. Parole Commissioner

_____
Eastern
Region

**Exhibit** D _____

Parole Form H-21
APR.83

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION



WARAPPLICATION

ISSUING REGION  Eastern Region                                                    Date    10/02/92
Case Of    BAILEY, Jerome                                                         Reg. No.    08508-000
Race       Black                        Birth Date                               FBI No.    276790AA3
(Sentence) Began 5/17/85                              District From    D.S. Superior Court
Original Offense    Unlawful Possession with Intent to Distribute Heroin; Probation Violator
Sentence Length/Type   4 - 12 years                                                Released    10/11/89
District To  Washington, DC                Transferred To                         Parole    X
Violation Date  8/12/91                                Termination Date  10/11/97  M.R.

     You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated
by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your
release, and if so, whether to release you or hold you for a revocation hearing.
     At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary
witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given
information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is
found for their non-appearance.
     You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel,
an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S.
Probation Officer.
     If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1)
restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer
you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory
release, in which case the Commission will also decide when to consider you for further release.
     If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment,
you will not receive sentence credit for the time you spent on parole. If the Commission finds that you absconded or
otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of
your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia
Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted
of a crime.)

CHARGES:

Charge No. 1:     A. POSSESSION OF COCAINE WITH INTENT TO DISTRIBUTE:
                  B. FAILURE TO REPORT ARREST:

On or about 8/12/91, you were arrested by the Greenbelt Police and charged with the above cited offenses. On 12/6/91, you
pled guilty to Possession of Cocaine with Intent to Distribute. On 3/17/92, you were sentenced to 12 years custody of the
Maryland Dept. of Corrections. Information provided in letters dated 9/29/91, 10/12/91, 4/24/92 & 5/26/92 from USPO
Larry B. Spann and Prince George's County Statement of Charges dated 8/12/91 and Committment Record dated 3/23/92.

I ADMIT [    ] OR DENY [    ] the above charge(s).


Charge No. 2: USE OF DANGEROUS AND HABIT FORMING DRUGS:

On or about the following date, 1/3/92, subject submitted urine specimens which tested positive for the drugs specified:
Morphine/Codeine. Information contained in letter dated 4/24/92 by USPO Larry B. Spann and Pharmchem Lab Report.

I ADMIT [    ] OR DENY [    ] the above charge(s).


Date Warrant Request Received    6/1/92                    Warrant Recommended By:
Date Warrant Issued    11/02/92                            Donald D. Dorash, USPO/Analyst
District To Which Sent  Washington, DC
Preliminary Interview Required: YES [    ]  NO [ X ]  #4   U.S. Parole Commission

( ) Commission      ( ) Inmate      ( ) Institution      ( ) USPO      ( ) Interviewing Officer      ( ) Chron

                                                              PAROLE FORM H-20
                                                              Rev. 6/87

DDD/pb

**EXHIBIT E**



## REVOCATION HEARING SUMMARY

| | | | |
|---|---|---|---|
| **Institution/Local:** | Institutional Revocation | **2/3 or MR Date:** | . . . . . |
| **Name:** . . . . . . . . | BAILEY, Jerome | **Projected MR Date:** | . . 9/14/2000 |
| **Reg No:** . . . . . . . | 08508-000 | **Full Term Date:** | . . . . . 4/14/2003 |
| **Hearing Date:** . . . | 6/21/95 | **Months in Custody:** | . . |
| **Institution:** . . . . . | DC Jail | **As Of:** | . . . |
| **Examiner:** . . . . . . | Raymond E. Essex | **Salient Factor Score:** | . |

**Recommended Release    After Service of    Months**

---

**I.    Counsel And Witnesses:**

The subject was represented by court appointed attorney, Richard Eisenberg, Federal Defender's Office, 625 Indiana Avenue, NW, Washington, DC 20004; (202) 208-7500.

Also appearing was associate attorney Angela Fisher who did not participate and only acted as an observer.

No other witnesses were present or requested.

**.I.    Procedural Considerations:**

None

**III.    Instant Warrant Information:**

Please see Pre-Review dated 6/16/95.

**IV.    Review of Charges:**

Charge No.  1(a):  Possession of Cocaine With Intent to Distribute.

The subject admitted this charge.  He admitted being pulled over for a routine traffic stop and throwing a plastic bag containing 20 rocks of crack cocaine from the passenger window.

**Evidentiary Findings:**

The evidence is not disputed.  It is recommended that a finding of violation is made.

BAILEY.085                                                    Page 1 of 3

**Exhibit** _E_



1(b):  Failure to Report Arrest.

The subject denied this charge.  He indicated that he called the PO the next day, following the arrest.

**Evidentiary Findings:**

Letters dated 9/29/91, 10/12/91, 4/24/92 and 5/26/94 from USPO Larry Spann.

Charge No.  2:  Use of Dangerous and Habit Forming Drugs.

The subject admitted this charge.  The subject indicated that he was using opiates while on parole.

**Evidentiary Findings:**

The evidence is not disputed.  It is recommended that a finding of violation is made.

**V.    Findings Of Fact And Basis:**  The panel finds that subject has committed the following violations:

Charge No. 1(a):  Possession of Cocaine With Intent to Distribute.
Basis:        Your admission to the hearing examiner and your conviction in Prince George's County and sentence on or about 3/17/92 of 12 years to the Maryland Department of Corrections.  Letters from USPO Spann dated 9/29/91, 10/12/91, 4/24/92 and 5/26/92.

Charge No. 2:  Use of Dangerous and Habit Forming Drugs.
Basis:  Your admission to the hearing examiner and letter dated 4/24/92 by USPO spann and Pharm Chem Lab report.

**No Findings And Supporting Rationale:**

The hearing examiner makes no recommendation relative to Charge 1(b) (Failure to Report Arrest).  The basis is the subject's denial at the in-person hearing and a lack of supporting information by the examiner.  The examiner did not have the letter from the PO detailing this information.

**VI.    Previous Commission Action:**

Please see Pre-Review dated 6/16/95.

BAILEY.085                                                                   Page 2 of 3

**VII.   Fines, Restitution, Other court Ordered Payments:**

None

**VIII.  Parole Risk:**

The subject does not appear to be a greater parole risk than any other similarly situated drug addicted person.

**IX.    Community Resources And Issues:**

The previous release plan was to reside with his sister, ████████████████ in the Washington, DC area.  His instant release plans are the same.  To our knowledge, he does not face new charges or periods of confinement upon release from the federal term.

**X.     Evaluation:**

The DC Rehearing Schedule is 15-24 months from the date that the warrant is executed. It is noted that this warrant was executed on 4/14/95.  However, the subject has been in continuous custody for approximately 41 months as of the date of the hearing.  For this reason, this examiner believes that a release not adhering to the DC Rehearing Schedule is most appropriate.  The amount of cocaine involved in this matter would be described as being minimal.  He was found with 20 rocks of crack cocaine.  The weight of the cocaine was 5.3 grams.

The examiner is recommending that the subject be paroled 6 months from the date of this hearing believing that adequate accountability will have been provided by the date recommended for release.  There are no aggravating features in this case that this examiner believes would warrant more accountability.  It appears that this is his first failure on the instant parole term.

**XI.    Recommendation:**

(1)  Revoke parole.  None of the time spent on parole shall be credited.
(2)  Parole effective (12/18/95) with the special drug aftercare condition.

Note:  Attorney Eisenberg submitted that the subject's family members submitted letters on his behalf.  He noted that the subject has good community support in the community as evidenced by those letters.

REE:gtt
7/12/95

BAILEY.085                                                          Page 3 of 3

**EXHIBIT F**

**U.S Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

**Name:** Bailey, Jerome

**Register Number:** 08508-000, DC 192-155        **Institution:** D.C. Department of Corrections

---

In the case of the above-named parole action was ordered:

Revoke Parole. None of the time spent on parole shall be credited. Parole effective (December 18, 1995), with the Special Drug Aftercare Condition. You shall participate as instructed by your U.S. Probation Officer in a program approved by the Parole Commission for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

---

**Appeals Procedure:**
THE ABOVE DECISION IS NOT APPEALABLE.

---

August 9, 1995            National Commissioners            Docket Clerk: lcg

D.C. Administrative Review

Page 1 of 1            **Exhibit** F

**EXHIBIT G**

 

# Memorandum

| Subject | Date |
|---|---|
| Memorandum of Transfer to the D.C. Board of Parole Name: **BAILEY, Jerome** Reg. No.: **08508-000** DCDC No.: **192-155** | October 18, 1995 |

| To | From |
|---|---|
| Michael Green Director Parole Determination Services Division D.C. Board of Parole | Sam Shoquist Regional Administrator Eastern Regional Office U.S. Parole Commission |

The attached case file is herewith transferred to the custody of the District of Columbia Board of Parole from the United States Parole Commission, consequent upon the designation and physical transfer of this prisoner from the U.S. Bureau of Prisons to the D.C. Department of Corrections. Pursuant to D.C. Code §24-209, the jurisdiction of the U.S. Parole Commission has terminated. The D.C. Board of Parole now assumes jurisdiction over the above-named prisoner.

The attached case file is the official record of decisions made in this case by the U.S. Parole Commission. It is our understanding that the D.C. Board of Parole will henceforth treat all decisions made by the U.S. Parole Commission in this case, including decisions concerning the issuance and status of parole violation warrants, as if such decisions had originally been made by the D.C. Board of Parole.

If at any time this prisoner should be transferred back into the custody of the U.S. Bureau of Prisons, and is designated by the U.S. Bureau of Prisons to any federal facility, the D.C. Board of Parole is hereby requested to return this file to the U.S. Parole Commission. The file should at that time contain a complete record of all decisions made by the D.C. Board of Parole while the prisoner was in a District of Columbia facility, so that the U.S. Parole Commission can treat those decisions as decisions of the U.S. Parole Commission.

Please note that this is the U.S. Parole Commission's original case file. A duplicate of this case file will not be maintained by the U.S. Parole Commission.

**THIS PRISONER PREVIOUSLY SERVED IN THE BUREAU OF PRISONS. IF THIS PRISONER IS RETURNED TO THE BUREAU OF PRISONS FOR ANY REASON THE FILE IS TO BE RETURNED TO THE U.S. PAROLE COMMISSION AT 5550 FRIENDSHIP BLVD., CHEVY CHASE, MD 20815**

cc: U.S. Probation Officer, **Larry B. Spann,** (DC)

SS/sjk

Exhibit _____ G _____

# **EXHIBIT H**

      

# *The Board of Parole*
## *of the*
## *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

**DCDC** 192-155                     **NAME** JEROME  BAILEY

**DOB** ███████                     **SSN** ████████     **LOCATION** OCCOQUAN FACILT

**DOCKET** D9511-0019               **CONSIDERATION TYPE** N:AMEND ACTION

The District of Columbia Board of Parole issues the following **ORDER:**

> CONFIRM REPAROLE GRANT AND AMEND TO GRANT REPAROLE
> TO SUPERVISION WITH AN APPROVED PLAN ON OR AFTER 12/18/1995

Implementation of this Order shall include the following:
Special Conditions of Parole

> NARCOTICS SURVEILLANCE
> OUTPATIENT DRUG PROGRAM
> ALCOHOL ABSTINENCE

Remarks:

11/20/1995
_____                          _____
Date                                     Chairman
                                         on behalf of the Board of Parole

**A TRUE COPY**
**TEST**                    Seal          [ Suspense ]
*Michael Green*
Director, Michael Green
Parole Determination
D.C. Board of Parole

**Exhibit** _H_

**EXHIBIT I**

PB-16
(Revised 10/61)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

DC BOARD OF PAROLE
CFC OF PLANNING & INFO

96 JAN 26 PM 1:29

*not checked in*

05-26-96

### ADULT

**AP# 16434**

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

Bailey, Jerome _____ D.C.D.C. 192-155 _____ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __Jan. 24th_____, 19 96, and that said person remain under

supervision within the limits of the _____ Washington, Metro Area (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __Feb. 21st_____, 2000; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this ____20th_____ day

of __Nov._____, 19 95.

The above-named was released on
the 24TH day of JANUARY 19 96.

A TRUE COPY

FOR: Michele Renee Cole
JOHN S. HENDERSON

Director: Michael Green
Parole Determination
D.C. Board of Parole

*Margaret Quick*

**Exhibit I** 8-3469

STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1. I will report immediately upon my release to _____ Mr. Phillips    301 "C" St., N.W.,
   Department of Corrections, Room 2nd Fl., for my final instructions. (202) 727-5130
   2029

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.
    SPECIAL CONDITION(S):   Narcotic Surveillance, Outpatient Drug Program, Alcohol Abstinence

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Leroy Wilkes_ | _192-155_ | _1/24/96_ |
| Signature of Parolee | D.C.D.C. | Date |
| | LEGAL | |
| _Michele Brice Coley_ | INSTRUMENT EXAMINER | 1/24/96 |
| Signature of Witness | Title | Date |

**EXHIBIT J**




# The Board of Parole
### *of the*
# District of Columbia

## NOTICE OF BOARD ORDER

Order # 2 of 2

In reference to:

DCDC  192-155                    NAME  JEROME L BAILEY

DOB  ▓▓▓▓▓          SSN  ▓▓▓▓▓        LOCATION  ADULT PAROLE

DOCKET  H9904-0108        CONSIDERATION TYPE  H:OAREVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

REVOKE PAROLE FOR CRIMINAL & NONCRIMINAL VIOLATIONS;
CONTINUE CASE FOR AN FPO REPORT BY 05/01/1999

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG USED NARCOTIC DRUG
ILLEG USED CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS



04/30/1999
Date

Margaret Quick - 1d
Chairman
on behalf of the Board of Parole

Seal

NOA Date  5/10/99  by  NW

[ Parole Determination File ]
BAKER, D

**Exhibit** ___J___




# *The Board of Parole*

*of the*

# *District of Columbia*

## NOTICE OF BOARD ORDER

Order # 1 of 2

In reference to:

**DCDC** 192-155        **NAME** JEROME L BAILEY

**DOB** ███████      **SSN** ██████     **LOCATION** ADULT PAROLE

**DOCKET** H9904-0108     **CONSIDERATION TYPE** H:OAREVOCATION

The District of Columbia Board of Parole issues the following **ORDER:**

     ISSUE AN ARREST WARRANT BASED ON ALLEGATIONS OF CRIMINAL
     AND NONCRIMINAL VIOLATIONS OF PAROLE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

     ILLEG USED NARCOTIC DRUG
     ILLEG USED CONTROL-DANGER SUBSTANCE
     FAILED TO OBEY ALL LAWS



04/30/1999
_____
Date

_Margaret Quick_ - 1J
Chairman
on behalf of the Board of Parole

Seal

NOA Date _5/10/99_ by _____

[ Parole Determination File ]
BAKER, D

**EXHIBIT K**




Court Services and Offender Supervision Agency
for the District of Columbia
*Board of Parole - Parole Determination Services*

*633 Indiana Avenue, NW, 8th Floor*
*Washington, DC 20004*

# CERTIFICATE OF PAROLE

### ADULT SENTENCE
### Adult Parole Certificate # 22368-99

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

**BAILEY, Jerome D.C.D.C. # 192-155** is eligible to be PAROLED, and it being the

opinion of the BOARD OF PAROLE that the above-named will remain at liberty without

violating the law and that the release of the individual to supervision is not incompatible

with the welfare of society, it is ORDERED by the BOARD that the above-named be

PAROLED on **IMMEDIATELY**, and that said person remain under supervision within

the limits of the **Washington Metropolitan Area** (including the District of Columbia;

Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties

of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until

**02-21-2000;** unless or until other action is taken by the District of Columbia BOARD

OF PAROLE.

This action is subject to the above-named individual's signing an agreement to

abide by and comply with all of the conditions of parole as shown on the reverse side of

this CERTIFICATE. Pursuant to the BOARD ORDER issued on **07-30-99.**

The above-named was released on the

A TRUE COPY                                                                    1

2 day of August 19 99 TEST

*Margaret Quick*

Michelle Elzie/Warden                                          Chairperson

Administrator          Director, Michael Green          on behalf of the Board of Parole
                        Parole Determination
                        D.C. Board of Parole

**If subject is released prior to: 02-21-2000 he/she is to report to Parole Supervision 300 Indiana Ave., N.W.**

**Exhibit** K





DISTRICT OF COLUMBIA BOARD OF PAROLE                                    PAGE  2

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

1.  I will report immediately upon my release to **301 C Street, N.W., WDC 20001, Mr. Rush, Room 2031** for my final instructions. **(202) 727-5130**

2.  I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3.  I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4.  I will not illegally possess, use, sell or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5.  I will not own, possess, use sell or have under my control any deadly weapon or firearms.

6.  I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7.  I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8.  I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9.  I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

**SPECIAL CONDITION(S): Outpatient Drug Program (Several Years); Inpatient Drug Program (Minimum of 6 months); Narcotics Surveillance**

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator.

I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| | | |
|---|---|---|
| _Jerome Bailey_ | _192-155_ | _8-2-99_ |
| Signature of Parolee | D.C.D.C. | Date |
| _A. C. Dowdk_ | _Case Manager_ | _8-2-99_ |
| Signature of Witness | Title | Date |

# **EXHIBIT L**

**U.S. DEPARTMENT OF JUSTICE**
UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**
D.C. Code Offender

| | |
|---|---|
| Case Of .................... BAILEY, Jerome | Date ................................ December 18, 2000 |
| Reg. No ...................... | Termination of Supervision Date ......... June 16, 2006 |
| DCDC No. ................... 192-155 | [If Conviction Offense Before April 11, 1987 and |
| PDID No. ................... 318-038 | Offender Is On Mandatory Release, Termination |
| FBI No ..................... 1462282E | Date Is 180 days Prior To Full Term] |
| Birth Date .................... | Violation Date ........................ May 18, 2000 |
| Race ........................ Black | Released ............................ July 30, 1999 |
| Sentence Length ............... 12 years | |
| Original Offense .............. Possession With Intent to Distribute Heroin (2) | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be appointed for you if you fill out and promptly return a request for representation to the interviewing officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole or mandatory release, you will not receive credit toward service of your sentence for time spent on parole/mandatory release.

**CHARGES:**

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** On or about the following dates, subject submitted urine specimens which tested positive for the drugs specified:

Cocaine - 5-18, 6-8, 7-27, 9-28-00
Opiates - 9-28-00
This charge is based on information contained in the letter dated 9-28-00 from supervision officer Wade and lab report(s).
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 2 - Violation of Special Condition (Drug Counseling).** Since on or about 7-26-00, subject has willfully refused to participate in the O.A.T.S.Drug Aftercare Program as instructed by his supervision officer and as required by the conditions of release. This charge is based on information contained in the letter dated 9-29-00 from supervision officer Wade
I ADMIT [   ] or DENY [   ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

_Marc Bransky_
Marc E. Bransky, Case Analyst
U.S. Parole Commission,

Warrant Issued.................................December 18, 2000

Community Supervision Office Requesting Warrant..D.C. Court Services & Offender Supervision Agency )
(  ) Commission      (  ) Inmate      (  ) Institution      (  ) CSOSA      (  ) Interviewing Officer      (  ) Chron

**BAILEY, Jerome  DCDC No. 192-155**
**Warrant Application**
**Page 1 of 1**                    Exhibit  L



# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, BAILEY, Jerome, Reg. No. n/a, DCDC No. 192-155, PDID No. 318-038 was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years for the crime of Possession With Intent to Distribute Heroin (2)  and was on July 30, 1999 released on parole from the DC Department of Corrections with 2514 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205 and 24-1231 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 18, 2000.

_____
U.S. Parole Commissioner

**EXHIBIT M**

# REVOCATION HEARING SUMMARY

| | | |
|---|---|---|
| **Name** .......... : BAILEY, Jerome | | **Supervision** ..... : parole |
| **Reg** ............ : 08508-000 | | **Artuso** ......... : NO |
| **Examiner** ....... : Michael Green | | **Artuso Years Remaining:** |
| **Warrant Executed** : 6/14/2001 | | **Months in Custody** : 3 |
| **Preliminary Interview:** 6/19/2001 | | **Custody Type** ... : state |
| **Institution** ...... : DC Jail | | **Projected MR Date** : 7/10/2006 |
| **2nd Designation** . : | | **Full Term Date** .. : 4/30/2008 |
| **Revoking District** : District of Columbia (CSOSA) | | **Hearing Date** .... : 8/30/2001 |
| **Hearing Type** .... : Local | | |

With regard to Items 18 and 19, the Projected MR Date and the Full Term Date. Although the DC Department of Corrections provided a case file for the Revocation Hearing, the case file did not contain a recalculated sentence. Therefore, the information contained in this summary with regard to the mandatory release and full term dates was secured from the Local Revocation Prehearing Assessment dated 7/16/2001.

## I. Counsel And Witnesses:

Leila Thamer, Attorney
Public Defender Service for the District of Columbia
633 Indiana Avenue, NW
Washington, DC 20004

**Witnesses Name & Any Explanatory Text Concerning Counsel and/or Witnesses:**

███████████, subject's wife, appeared as a voluntary witness. Ms. ███████ provided an address of ████████, NE Washington, DC 20017.

███████████, subject's sister appeared as a voluntary witness. ████████████ provided a home address at ████████████ NE Washington, DC 20017.

CSO Charles Wade of the CSOSA did not show up for the hearing.

## II. Procedural Considerations:

None.

BAILEY.850    Typist: PAH    Date Typed: September 10, 2001    Page 1 of 5

Exhibit __M__

## III. Instant Warrant Information:

The parole violation warrant was issued by the US Parole Commission on 12/18/2000 and executed on 6/14/2001. A Preliminary Interview was held on 6/19/2001 and the Commission found Probable Cause on 6/25/2001.

## IV. Review of Charges:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

On or about 5/18, 6/8, 7/27 and 9/28/2000, the subject submitted urine specimens which tested positive for cocaine. In addition, the urine specimen collected on or about 9/28/2000 was also contaminated with opiates. This charge is based on information contained in the violation report letter dated 9/20/2000 from CSO Charles Wade and lab reports.

## Evidentiary Findings:

The subject admitted to the drug use as charged.

Based on subject's admission to the use of dangerous and habit forming drugs as charged, this examiner finds that subject used dangerous and habit forming drugs.

Charge No. 2 - Violation of the Special Condition of Drug Aftercare (Drug Counseling).

Since on or about 7/26/2000, the subject willfully refused to participate in the O.A.T.S. Drug Aftercare Program as instructed by his supervision officer and as required by the conditions of release. This charge is based on information contained in the violation report letter dated 9/20/2000 from CSO Wade.

## Evidentiary Findings:

The subject denied that he failed to participate in the O.A.T.S. Drug Aftercare Program. Subject indicates that he was participating in the program but had to discontinue the participation because his health insurance that covered the cost of the participation was no longer in effect. The subject indicated that based on his change of employment status from that of a temporary employee to a permanent employee, his health insurance automatically changed from Aetna, to a union coverage. Because of the lack of coverage during the transition, subject did not want to be responsible for the expenses and indicated that he informed Officer Wade as well as staff at the O.A.T.S. Program that he had to discontinue his participation.

The subject's attorney produced a letter dated 8/28/2001, from the United Planning Organization Comprehensive Treatment Center indicating that subject was a patient in the clinic beginning 2/14/2001. It further indicates that subject was compliant with attendance, was attending some therapy groups such as Relapse Prevention and AA/NA meetings outside this clinic with proper documentation presented. Subject also kept his assigned scheduled appointments with his primary counselor and was not a problem patient. The letter is signed by Roger V. Sherman, Sr. Supervisory Treatment Counselor and Gloria Mayberry Primary Treatment Counselor and further recommends that subject is returned to treatment and some modality when he is able to resolve

BAILEY.850    Typist: PAH    Date Typed: September 10, 2001    Page 2 of 5

his legal problems. It should also be noted, that subject is referred to in the letter as Mr. Leroy Wilkinson which appears to be subject's true name.

This examiner believes subject's testimony regarding the mitigating circumstances surrounding his leaving the Substance Abuse Program. However, subject did leave the Substance Abuse Program prior to completing it. Accordingly, this examiner finds that subject violated the Special Drug Aftercare condition as charged.

## V. Findings of Fact And Basis:

The Examiner finds that subject has committed the following violation(s): Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Violation of Special Condition of Drug Aftercare (Drug Counseling).

Basis: The violation report letter dated 9/20/2000 from CSO Wade and your testimony at the Revocation Hearing.

## No Findings And Supporting Rational:

None.

## VI. Previous Commission Action:

See the Local Revocation Prehearing Assessment dated 7/16/2001.

## VII. Fines, Restitution, Other court Ordered Payments:

None.

## VIII. Parole Risk:

The subject has a SFS that places him in the poor risk range. Subject does not appear to be a more serious risk. .

## IX. Community Resources And Issues:

Upon release to the community, subject intends to reside with his wife ████████████ at ██ ████████ NE, Washington, DC 20017. The home telephone number is (202)████████ ███████ ███████on testified at the Revocation Hearing confirming that subject is welcome to reside with her. She indicates that they have a 9 year of age daughter and that subject is very involved and supportive of their daughter. Subject was awarded a father of the year award in absence by his daughter's school class. Mrs. ████████ also testified that subject's mother is in extremely poor health as she has terminal cancer. Furthermore, that while in the community, subject assisted his mother with a making chemotherapy appointments and provided other care to his mother. Furthermore, that subject was gainfully employed providing care to mentally retarded individuals.



She also indicated that she believes subject would benefit from a very good structured Out-patient Drug Treatment Program.

Subject's older sister, ███████████ testified that subject was keeping contact with his parole officer and was working regularly with the care of mentally retarded persons. She further indicated that subject has demonstrated that he is a good father and very supportive of his youngest daughter and his older daughter. This examiner notes that subject's older daughter, ███████████ who is 30 years of age, appeared at the DC Jail to show her support for her father. However, she did not provide voluntary witness testimony. ███████████n finally indicated that subject has her support and the support of the entire family.

This examiner was left with the impression that subject's wife and sister are responsible citizens and are genuinely interested in subject's welfare. In addition, subject's attorney produced a letter from the District of Columbia Community Services Inc., indicating that subject is employed with the District of Columbia Community Services as a situational direct care worker. However, the letter is dated 8/23/99.

Attorney Thamer also submitted a letter dated 8/30/2001 from ███████████, a life long acquaintance of subject and his family. Mr.██████ indicates that he is employed by the District of Columbia Bar Lawyer Counseling Program as a Counselor for judges, attorneys and law students who are impaired by drugs, alcohol and mental health problems. Mr.██████ writes that subject's participation in an Aftercare Program is vital to the recovery process because it makes the client responsible and accountable for sobriety. He further writes that as a treatment professional, experience has shown him the disease of addiction requires a very structured program that minimizes the opportunities to relapse to the old behaviors.

This examiner believes that subject has substantial community resources.

## X. Salient Factor Score:

0   - A. Prior Convictions/Adjudications (Adult or Juvenile)
0   - B. Prior Commitment(s) of More than 30 Days (Adult/ Juvenile)
1   - C. Age at Current Offense/Prior Commitments
      **!!! Error with Bgn Delimiter !!!** (5 or more commitments)
0   - D. Recent Commitment Free Period (Three Years)
0   - E. Probation/Parole/Confinement/Escape Status Violator
1   - F. Older Offenders
2   - **Total Salient Factor Score**

## XI. Evaluation:

The subject is presently 51 years of age. He has been in custody as a result of the execution of the parole violation warrant for almost 3 months. The subject is not seen as a violent offender but has numerous convictions for an assortment of crimes including Drug Offenses, Forgery and Uttering, Receiving Stolen Property, Larceny, Carrying a Pistol Without a License and Escape. In addition, subject has experienced two prior revocations of parole.

The subject has the addiction disease and has not had any sustained success with abating his drug use or drug use or drug related behaviors. While subject does not appear to pose a threat to public

 

safety, his continued abuse of drugs should not be tolerated.

It is noteworthy, that subject did re-enroll in a Drug Program after he voluntarily left the O.A.T.S. Program. Furthermore, subject does have what appears to be good community resources and family and friends. Subject's mother is terminally ill and prior to his re-incarceration as a parole violator, subject was involved in providing care to his mother. In addition, subject appears to have been gainfully employed providing care to mentally retarded individuals.

This examiner is of the opinion that subject should be held accountable for the parole violation behavior but also believes that subject can best be sanctioned by his placement in a semi structured facility such as a Community Correctional Center. Accordingly, this examiner recommends to revoke parole and that none of the time spent on parole shall be credited. Furthermore, that a parole effective date be established after the service of 12 months (6/13/2002) with the Special Conditions of CCC Placement and Drug Aftercare.

Recommendation: Revoke parole; none of the time spent on parole shall be credited. Parole effective after the service of 12 months (6/13/2002) with the Special Condition of CCC Placement and Drug Aftercare. .

## XII. Recommendation:

Revoke parole. None of the time spent on parole shall be credited. Parole effective after the service of 12 months on 6/13/2002. You shall be subject to the Special Mental Health Aftercare Condition. You shall participate in an in-patient or an out-patient mental health program as directed by your U.S. Probation Officer. You shall reside in and participate in a program of the Community Corrections Center as instructed until discharged by the center director, but no later than 120 days from admission.

## XIII. Reasons:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations, specifically: Category 1 severity, Administrative Violations. Your new salient factor score is 2. As of your hearing date of 8/30/2001, you have been in state custody for 3 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Subsequent statutory interim not required.

 

ADDENDUM BY SHOQUIST PREPARED SEPTEMBER 20, 2001

I favor a top of the guidelines decision recognizing that this is subject's third violation of parole on this sentence. In addition he has a previous probation violation.

If he is not successful in dealing with his drug problem during the next period of supervsion, then I would recommend he serve 24-30 months in a BOP facility and complete a comprehensive drug treatment program.

Recommendation:

Continue for a presumptive parole after the service of 16 months, October 13, 2002 with the special drug aftercare condition. It is requested that CSOSA investigate placement directly into a residential drug treatment facility following release on parole.

BAILEY.850    Typist: PAH    Date Typed: September 10, 2001    Page 6 of 5

**EXHIBIT N**

 

**U.S. Department of Justice**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

Name: BAILEY, Jerome                    Institution:  DC Jail

Register Number: 08508-000              DCDC No.: 192-155

In the case of the above named the following parole action was ordered:

### DC Local Revocation:

Revoke parole. None of the time spent on parole shall be credited. Continue for a presumptive parole after the service of 16 months (10-13-2002). You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

NOTE: It is requested that CSOSA investigate placement directly into a residential treatment program following your release on parole.

FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

Basis: Your admission to the examiner.

Charge No. 2 - Violation of Special Condition of Drug Aftercare (Drug Counseling).

Basis: The violation report letter dated 09/20/2000 from CSO Wade and your testimony at the Revocation Hearing.

REASONS:

Your parole violation behavior has been rated as Category One severity because it involved administrative violations, specifically: Category 1 severity, Administrative Violations. Your new salient factor score is 2. As of your hearing date of 08/30/2001, you have been in custody for 3 months. Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted.

Date: September 25, 2001                              Clerk: ads

USM-District of Columbia - District Court   Page 1 of 3        BAILEY.085

Exhibit  N



THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your Supervision Officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

See the attached sheet for an explanation of the Salient Factor Score and your item individual points.

cc:

U.S. Marshal
District of Columbia - District Court
333 Constitution Avenue, N.W.
Room 7337
Washington, D.C. 20001
Attn: Warrant Squad

CSS Management Group
Attn: Sharon Barnes-Durbin, SCSA
300 Indiana Avenue, NW
Second Floor, Suite 2149
Washington, DC 20001

Leila Thamer, Attorney
Public Defender Service for the District of Columbia
633 Indiana Avenue, NW
Washington, DC 20004



Date: September 25, 2001

USM-District of Columbia - District Court    Page 2 of 3

Clerk: adc

BAILEY.085

 

| Your Pts | **SFS-98 Item Explanations** |
|---|---|
| 0 | **A - Prior convictions/adjudications**  (adult or juvenile)  None = 3; One = 2;Two or three = 1; Four or more = 0 |
| 0 | **B - Prior commitments**  of more than 30 days (adult or juvenile)  None = 2;One or two = 1; Three or more = 0 |
| 1 | **C - Age at commencement**  of the current offense/prior commitments of more than thirty days (adult or juvenile)  (see table below for an explanation) |
| 0 | **D - Recent commitment**  free period (three years)  No prior commitment  of more than thirty days (adult or juvenile), or released to the community  from last such commitment  at least three years prior to the commencement of the current  offense = 1; Otherwise = 0 |
| 0 | **E - Probation/parole/confinement/escape**  status violator this time  Neither on probation, parole, confinement,  or escape status at the time of the current offense; nor committed  as a probation, parole, confinement or escape status  violator this time = 1; Otherwise  = 0 |
| 1 | **F - Older offenders**  If the offender was 41 years or more at the commencement of the current offense (and the total score from items  A-E above is 9 or less) =1; Otherwise  = 0 |
| 2 | Total Salient Factor Score (SFS-98) (sum of points for A-F above) |

| Points For SFS-98 Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2 | 3+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT O**

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **BAILEY, Jerome L.,** **REG No. 08508-000,** (DCDC No. **192-155**), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **October 13, 2002,** and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **April 29, 2008.**

Given under the hands and the seal of the United States Parole Commission on **October 9, 2002.**
UNITED STATES PAROLE COMMISSION

By: Juanita E. Holmes, **Parole Info. Specialist**

Docket/Case Number:  **F6929-84,6273-85**
Initial Risk Category: SFS - 2
**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_____       _____
        Name                                                                                   DCDC No.

Witnessed: _____       _____
        Name and Title                                                                     Date

The above-named person was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

_____
**Official Certifying Release**

**Exhibit**  ___O_____

This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States Parole Commission, Chevy Chase, Maryland 20815-7286.*

2. If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6. You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that you are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

17.  You will provide a DNA sample if collection of such sample is authorized pursuant to § 3 of the DNA Analysis Backlog Elimination Act of 2000.

**You shall also abide by the below listed special condition(s) as indicated:**

**In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.**

**The Parole Commission may add to, modify, or delete any condition of release at any time.**

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

**EXHIBIT P**



**U.S. DEPARTMENT OF JUSTICE**
**United States Parole Commission**

*5550 Friendship Boulevard*
*Chevy Chase, Maryland 20815-7201*
*Telephone: (301)492-5821*
*Facsimile: (301)492-5525*

September 26, 2005

## OFFICIAL LETTER OF REPRIMAND

Jerome Bailey
Reg. No. 08508-000
DCDC No. 192-155
c/o Deborah Coles
Supervision Officer
General Supervision Unit X-Team 21
CSOSA
1230 Taylor Street, N.W.
Washington, D.C. 20011

Dear Mr. Bailey;

The purpose of this letter is to inform you that the U.S. Parole Commission has received information concerning your non-compliance with the conditions of your parole. The Commission has been informed that you are in violation of these conditions, specifically:

    1.    Use of Dangerous and Habit Forming Drugs

Failure to Submit to Drug Testing

Violation of the conditions of release may result in the issuance of a warrant for your arrest. Your disregard of the rules and regulations set forth on your release certificate and by your Community Supervision Officer will be not tolerated.

You are officially notified that continued disrespect and non-compliance with your conditions of release may result in your arrest and return to custody. Your Community Supervision Officer has received a copy of this letter and will inform us immediately should any further violations occur.

Sincerely,

Jordana Randall
Case Analyst Trainee

Queued: 09-26-2005 15:31:29 USPO-General Supervision Unit X-Team 21 |

**Exhibit** P

JXR/MKE



**EXHIBIT Q**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

---

Name.............................. **Bailey, Jerome**

| | |
|---|---|
| Reg. No............................ **08508-000** | Date........................................... **December 27, 2005** |
| DCDC No. ..................... **192-155** | Termination of Supervision ..... **April 29, 2009** |
| FBI No ............................ **276790AA3** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ...................... ▆▆▆▆▆ | Offender Is On Mandatory Release, Termination |
| Race ............................... **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date .......................... **May 3, 2005** |
| | Released................................... **October 11, 2002** |

Sentence Length ........... **12 years (original term); 2512 days (violator term)**
Original Offense............ **Possession with Intent to Distribute Controlled Substance; Unlawful Possession with Intent to   Distribute Controlled Substance**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**

**Charge No.  1  - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 5-3, 5-26, 6-9, 6-28, 7-14, 7-21, 8-25 and 11-1-05. This charge is based on the information contained in the violation report dated 11-29-05 from supervising officer Deborah Coles.
**I ADMIT [   ] or DENY [   ] this charge.**

---

 

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:

Cocaine and Opiates on 11-10 and 11-17-05

Cocaine on 11-15-05

This charge is based on the information contained in the violation report dated 11-29-05 from supervising officer Deborah Coles and corresponding drug report dated 11-22-05
**I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**            **Warrant Recommended By:**

_Rhonda A. Shelton_

Warrant Issued................... December 27, 2005        **Rhonda A. Shelton, Case Analyst**
                                                          **U.S. Parole Commission**

Community Supervision Office Requesting Warrant: **General Supervision Unit X-Team 21, 1230 Taylor Street**

---

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**

 

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Bailey, Jerome, Reg. No. 08508-000, DCDC No. 192-155, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 years (original term); 2512 days (violator term) for the crime of Possession with Intent to Distribute Controlled Substance; Unlawful Possession with Intent to    Distribute Controlled Substance and was on October 11, 2002 released on parole from Hope Village CCC with 2025 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on December 27, 2005

_U.S. Parole Commissioner_

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**

**EXHIBIT R**

  

# Memorandum

| | |
|---|---|
| **Subject** | **Date** |
| **Bailey, Jerome**<br>**Reg. No. 08508-000** | February 3, 2006 |

| | |
|---|---|
| **To** | **From** |
| | *Rhonda A. Shelton* |
| Commissioner<br>U.S. Parole Commission | Rhonda A. Shelton<br>Case Analyst<br>U.S. Parole Commission |

**Summary:** The above-named was convicted by the District of Columbia, Superior Court for Possession with Intent to Distribute a Controlled Substance and Unlawful Possession with Intent to Distribute a Controlled Substance. He was sentenced to 12 years with a full-term date of 4-28-09.

CSO Deborah Coles submitted a warrant request dated 11-29-05, citing the violations of Failure to Submit to Drug Testing and Use of Drugs. The Commission issued a warrant for the aforementioned violations on 12-27-05.

The CSO is now requesting that the warrant be rescinded based on the fact that the subject entered and completed detox at DC General. He is currently enrolled in a long- term (6-9 months) drug treatment program with the Salvation Army. Since being in the program, the subject has been in compliance with his conditions of parole. I recommend that the warrant be rescinded and the subject be allowed to continue seeking help for his drug addiction.

**Recommendation:** Withdraw Warrant dated December 27, 2005 and Continue on Supervision.

| | | | | | |
|---|---|---|---|---|---|
| D. Jackson | | | | | |
| Reviewer: | _On_ | ___ Agree | ___ Disagree | ___ Discuss |
| Commissioner: | _✓_ Agree | | ___ Disagree | ___ Discuss |
| Comm/Designee: | ___ Agree | | ___ Disagree | ___ Discuss |

*Chanetta J. Harlee*                                    2-6-06
_____                        _____
Commissioner/Designee                              Date

**Exhibit**  R

_____                        _____
**Commissioner/Designee**                          **Date**

The analyst will request a status report upon D's release from treatment program.
TMT

**EXHIBIT S**




U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  Bailey, Jerome                    Institution:  DC USMS
Register Number:  08508-000
DCDC No:  192-155                        Date:  February 16, 2006

---

In the case of the above-named, the following action was ordered:

**Withdraw warrant dated December 27, 2005 and continue on supervision.**

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies
may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:

     CSS Data Management Group
     D.C. Court Services & Offender Supervision Agency
     300 Indiana Avenue, N.W., Suite 2070
     Washington, D.C.  20001

---

                                      -1-                              Clerk:  RAS/KCR

Exhibit  S

**EXHIBIT T**



**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
**D.C. Code Offender**

Name............................. **Bailey, Jerome**

| | |
|---|---|
| Reg. No............................ **08508-000** | Date........................................... **August 8, 2006** |
| DCDC No. ...................... **192-155** | Termination of Supervision .....**4-29-2008** |
| FBI No ........................... **276 790 AA3** | [If Conviction Offense Before April 11, 1987 And |
| Birth Date ....................... ▇▇▇▇▇ | Offender Is On Mandatory Release, Termination |
| Race ............................... **Black** | Date Is 180 Days Prior To Full Term] |
| | Violation Date .........................**5-3-2005** |
| | Released...................................**10-11-2002** |

Sentence Length............ **12 Years (Original); 2512 Days (PV Term)**
Original Offense ........... **Possession with Intent to Distribute a Controlled Substance, Unlawful Possession with**
                                **Intent to Distribute a Controlled Substance**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**CHARGES:**
**Charge No. 1 - Failure to Submit to Drug Testing.** Between 5-3-05 and 8-3-06, the releasee failed to submit urine specimens on 23 occasions. This charge is based on the information contained in the violation report dated 6-13-06 from supervising officer Deborah Coles.
I ADMIT [ ] or DENY [ ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Cocaine Metabolite on 5-10, 7-26, 8-4, 8-9, 8-11, 8-30, 11-10, 11-15, 11-22-05, 7-6, 8-1-06
Opiates on 6-30, 7-26-05, 8-1-06
This charge is based on the information contained in the violation report dated 6-13-06 from supervising officer Deborah Coles and corresponding drug report.
I ADMIT [ ] or DENY [ ] this charge.

Bailey, Jerome
Reg. No. 08508-000    DCDC No. 192-155

**Exhibit** ___T___

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The releasee was terminated from the Salvation Army inpatient program on 6-2-06 for drug use.   This charge is based on the information contained in the violation report dated 6-13-06 from supervising officer Deborah Coles and the discharge summary dated6-6-06.

**I ADMIT [   ] or DENY [    ] this charge.**

**Probable Cause Hearing Is Required**                    Warrant Recommended By:

Warrant Issued................... **August 8, 2006**          Jordana Randall, Case Analyst Trainee
                                                     U.S. Parole Commission

**Community Supervision Office Requesting Warrant:  General Supervision Unit X-Team 21, 1230 Taylor Street**

---

**Bailey,  Jerome**
**Reg. No. 08508-000     DCDC No. 192-155**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Bailey, Jerome, Reg. No. 08508-000, DCDC No. 192-155, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 12 Years (Original); 2512 Days (PV Term) for the crime of Possession with Intent to Distribute a Controlled Substance, Unlawful Possession with Intent to Distribute a Controlled Substance and was on 10-11-2002 released on parole from D.C. CCM with 2025 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on August 8, 2006

U.S. Parole Commissioner

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**

**EXHIBIT U**

## D.C. PROBABLE CAUSE HEARING DIGEST

Name.............................: **Bailey, Jerome**

Reg. No. .........................: **08508-000**

Type of Release ............:**Parole**

Full Term Date When Warrant Issued..: **4-29-2008**

Date Warrant Executed.: *8.21.06*

Hearing Date........: *8.25.06*

Examiner..............: ~~BABAKA~~ *D. McLean*

Supervision Officer: **Deborah Coles**

## Attorney at Probable Cause Hearing:

[√] PDS     [  ] Other     [  ] None

Name *Anne Rodriguez*

Address *633 Indiana Ave. NW*

*WDC 20004*

Phone *(202) 628-1200*

## Attorney Representing Subject at Revocation Hearing:

[  ] PDS     [  ] Other     [  ] Unknown

Name_____

Address_____

_____

Phone_____

## I. Items Advised *(Check that the subject has been advised of the following two rights):*

[ X ] Advised of Right to a Probable Cause Hearing     [ √ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[  ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [  ] At Request of Attorney/Prisoner     [  ] Prisoner Unavailable

    [  ] Other Reason:_____

[ √ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

**Bailey, Jerome**
**Reg. No. 08508-000     DCDC No. 192-155** Exhibit ___U___



## III. Review of Charges:

**Charge No. 1  -  Failure to Submit to Drug Testing**

[ X ] **ADMITS**        [  ] **DENIES**

The Subject's Response:

_____

_____

_____

_____

[ X ] **Probable Cause Found.**  After considering the violation report dated 6-13-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

_____

[  ] **No Probable Cause Found**

_____

**Charge No. 2  -  Use of Dangerous and Habit Forming Drugs**

[ X ] **ADMITS**        [  ] **DENIES**

The Subject's Response:

_____

_____

_____

[ X ] **Probable Cause Found.**  After considering the violation report dated 6-13-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**

[  ] No Probable Cause Found

**Charge No. 3** - Violation of Special Condition (Drug Aftercare).

[  ] ADMITS        [✓] DENIES

The Subject's Response:

*— Per Subj — admitted to the Hospital on 6/1/06 — Therefore not @ the program to submit urine . . .*

[✓] **Probable Cause Found.** After considering the violation report dated 6-13-06, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[  ] No Probable Cause Found

# IV. Additional Charges:

**Bailey, Jerome**
Reg. No. 08508-000    DCDC No. 192-155

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**




## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[ ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

    [ ] **Reinstate** to Supervision  or  [ ] **Close Case** *[If expiration date has passed]*

[ ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

    [ ] **Summon** to revocation hearing or  [ ] **Terminate** revocation proceedings

Reason for Release/Summons: _____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Deborah Coles
Status: _____ Approved        _____ Not Approved        _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name: _____

Address: _____

Phone No. _____

Status: [ ] Denied at PC Hearing     [ ] Approved at PC Hearing     [ ] Pending Further Review

Reason for Denial: _____

_____

_____

Name: _____

_____

Bailey,  Jerome
Reg. No. 08508-000    DCDC No. 192-155



## IX.  Revocation Hearing:

[  ] Local Revocation or        [  ] Combined Probable Cause/Local Revocation on:

**Location:** [  ] CTF  [  ] DC Jail   **Date:**_____   **Time:** [  ] am   [  ] pm

[  ] Other at _____

_____

[X] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:** A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov


_____
         *Attorney/Prisoner*                                    *Date*
_____

*Additional Text:*

Subject's Request's Institutional Hrg —
(+/or) Advance Consent @
Bottom of Guidelines


_____
Donna A. Mcle—                                    8/25/06
         *Examiner*                                    *Date*

**Disclosure Documents:**  Warrant dated 8-8-06, Warrant Application dated 8-8-06, Violation Report dated 6-13-06 with attachments, Parole Certificate dated 10-9-02, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**


_____
         *Attorney/Prisoner*                                    *Date*  8/25/06
_____

**Bailey, Jerome**
**Reg. No. 08508-000    DCDC No. 192-155**

United States Parole Commission
Chevy Chase, MD 20815

Hearing Form for D.C. Code Parolees or Releasees
Arrested in the District of Columbia

# PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following the arrest of an alleged parole, mandatory release, or supervised release violator within the District of Columbia on a warrant issued by the United States Parole Commission. The following explanation of the Commission's procedure and the alleged violator's legal rights must be read and acknowledged by the parolee or releasee, and a copy provided to him.

## Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been convicted of a criminal offense committed while under supervision, you shall be given a probable cause hearing within five days of your arrest on a violator warrant. The purpose of the hearing is to determine whether probable cause exists for the charged violations. At this hearing, each charge on the warrant application will be read to you, and you will be apprised of the information supporting those charges. You will be asked to admit or deny each charge and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay for the services of an attorney and desire legal assistance, you may request the D.C. Public Defender Service to assign an attorney to represent you at your probable cause hearing. The hearing examiner will furnish you with a request form, and will send it to the Public Defender Service. If you waive representation by an attorney at your probable cause hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a revocation hearing, complete the form to request assignment of an attorney by the Public Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense of the charges against you. If you deny violating the conditions of release and have not been convicted of a crime while on release, you may request the presence of adverse witnesses, i.e., those persons who have given evidence that you violated your conditions of release, and question those witnesses at the hearing, unless good cause is found to deny the appearance of such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists for the charge(s). If no probable cause is found for all charges, the examiner will order your release from custody on the violator warrant. If probable cause is found for any charge, you will remain in custody and the examiner will set the date for a local revocation hearing if you qualify for such a hearing (as opposed to a revocation hearing at a federal institution). Notwithstanding a finding of probable cause, the hearing examiner may recommend your release pending a revocation hearing or recommend your release because revocation proceedings should be terminated. In such cases, a Parole Commissioner will make the decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.* The probable cause hearing will be held at this time unless you request postponement of the hearing in order to request representation by an attorney and/or the appearance of a witness. If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) ( ✓ ) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (   ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

_Jerome Bailey_                                    _8/25/06_

(Signature of Parolee or Releasee)                 (Date)

# PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

### Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

( ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

( ) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:

_____        _____
(Signature of Parolee or Releasee)         (Signature of Hearing Examiner)

_____8/25/06_____                   _____8/25/06_____
(Date)                                      (Date)

BEFORE THE
UNITED STATES PAROLE COMMISSION

Name: X JEROME BAILEY _____ Register No. 08508-000 DCDC No. 192-155

For Probable Cause Hearing _____ For Revocation Hearing

(Select all that apply)

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

I, _Jerome Bailey_____, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____        I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.
(initials)

_JB_ X        I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and
(initials)       in connection with this application, I state as follows concerning my true financial condition:

|                                          | employed | unemployed |
|------------------------------------------|----------|------------|
| I am                                     |          |            |
| If employed, state weekly income         |          | $          |
| If self-employed, state average weekly income | $   |            |
| Cash on hand and in bank                 |          | $          |
| Number of dependents                     |          |            |
| Property Owned                           |          |            |

I certify the above to be correct.

X _Jerome Bailey_  7/25/06
(Signature of Applicant and Date)

Witness: _____        8/25/06
(Signature, Title and Date)

False or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. ).

_____ From D.C. Public Defender Service

the above-named applicant will be represented by        Anna Rodrigues
(Name and Phone Number)

                                                        202 824 2343

**EXHIBIT V**

Option A

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

### Bottom of Guidelines

I, _Jerome Bailey_ , Register No. _08508 -000_ ,
agree to an **EXPEDITED REVOCATION DECISION** as described below.  I understand that the
Commission is not obligated to render an Expedited Decision in my case.  I also understand my consent
does not constitute an enforceable agreement with respect to any action the Commission is authorized to
take by law or regulation.  By executing this form, I am advising the Commission, in advance of any
possible offer, that I will accept the Expedited Decision described below.  I understand if the
Commission does not approve the examiner's recommendation for an Expedited Decision, I will be
granted an in-person revocation hearing.  I understand, therefore, by consenting to accept an Expedited
Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing
under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two.  I also
understand if I have committed disciplinary infractions or new criminal conduct, during any period of
confinement that is credited toward my guidelines, the Commission may include rescission guidelines
specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause
Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result
of my consent.  If, however, I believe that the Commission has erred in determining the (1) Salient
Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release
conditions, after I signed this advanced consent to an Expedited Decision, I may request that the
Commission amend its decision.

**Exhibit** ___V___

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range.  If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

*Drug Aftercare*

Alleged Violator: X *Jerome Bailey*        X 08508-000

                   Print Name        Register No.

                *Jerome Bailey*        X 7/25/06

                   Signature        Date

Attorney: *Anna Rodnov*        8/25/06

                   Signature        Date

USPC Examiner: *Donna A. McCann*        8/25/06

                   Signature        Date

# EXHIBIT W

U.S. Department of Justice                                        **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: BAILEY, Jerome                          Institution: D.C. Correctional Treatment Facility
Register Number: 08508-000
DCDC No: 192-155                              Date:        September 18, 2006

---

## ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on August 25, 2006 and approved by the Commission on 9/14/2006:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a presumptive parole on August 21, 2007 after the service of 12 months.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit Forming Drugs

Charge No. 3 - Violation of Special Condition (Drug Aftercare)

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

---

Queued: 09-18-2006 13:40:53 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General
Supervision Unit X-Team 21, 1230 Taylor Street | USM-District of Columbia - District Court, D.C. District Court | FPD-
District of Columbia, District of Columbia - DC |

Exhibit ___W___

**REASONS:**

Your parole violation has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of September 21, 2006, you have been in confinement as a result of your violation behavior for a total of 1 month(s).

Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W. Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Deborah Coles
        General Supervision Unit X-Team 21
        CSOSA
        1230 Taylor Street, N.W.
        Washington, D.C. 20011

        A. Rodriguez
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

## SALIENT FACTOR SCORE (SFS-98)

**Your Pts**    **Salient Factor Score (SFS-98) Item Explanations**

0    A - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0

0    B - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0

1    C - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation)

0    D - Recent commitment free period (three years)
     No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0

0    E - Probation/parole/confinement/escape status violator this time
     Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0

1    F - Older offenders
     If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0

2    Salient Factor Score (SFS-98) (sum of points for A-F above)



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-1 | 2-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Bailey 08508-000                                                                 Clerk    OMG
Queued: 09-18-2006 13:40:53 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-General Supervision Unit X-Team 21, 1230 Taylor Street | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

# **EXHIBIT X**

U.S. Department of Justice                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: BAILEY, Jerome                          Institution: Rivers CI
Register Number: 08508-000
DCDC No: 192-155                              Date:    November 2, 2006

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.82 and 2.83(d):

No Change in presumptive parole date of August 21, 2007 and parole effective August 21, 2007 with the 120-day CCC placement condition.

**With the special condition(s) as indicated below:**

You shall reside in and participate in a program of the Community Corrections Center as instructed until discharged by the center director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

The Commission has determined, based upon a progress report from the Bureau of Prisons, that you have substantially maintained good institutional adjustment. The Commission has further determined, based upon a request from the Case Manager that the CCC placement be added as a special condition because you are unable to secure a satisfactory release plan.

THE ABOVE DECISION IS NOT APPEALABLE.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

---

Exhibit ___X___

# **EXHIBIT Y**



**Court Services and Offender Supervision Agency
for the District of Columbia**

# POLICY
# STATEMENT

Policy Statement 3001
Policy Area: Assessment
Effective Date: AUG 0 3 2007
Approved:

*Paul A. Quander*

Paul A. Quander, Jr., CSOSA Director

---

### RE-ENTRY AND SANCTIONS CENTER

**I.     COVERAGE**

This Policy Statement applies to staff and contractors of the Court Services and Offender Supervision Agency (CSOSA or Agency) who are responsible for performing assessment and treatment readiness functions for offenders and/or defendants housed at the Re-entry and Sanctions Center (RSC).

**II.    BACKGROUND**

The RSC is a residential facility that houses offenders/defendants with extensive substance abuse histories and offenders/defendants who, by abusing substances, violate the conditions of their release. Offenders/defendants are referred to the RSC by Community Supervision Officers (CSOs), Pretrial Services Officers (PSOs), CSOSA Treatment Specialists, Supervisory CSOs, or the appropriate releasing authority. The services provided include assessment, counseling, treatment readiness, and referral to treatment facilities.

The primary focus of RSC's programming is comprehensive and sound clinical assessment of each participating offender/defendant. The outcome of the assessment and treatment readiness processes is an individualized treatment plan that maps out a long-term continuum of treatment services that the offender/defendant agrees to complete. The treatment plan is incorporated into an offender's behavioral contract and a defendant's sanctions contract which are utilized by CSOs and PSOs to support appropriate and effective supervison of each offender/defendant. The RSC also provides interventions that are designed to motivate offenders/defendants to make and maintain positive life changes.

**III.   POLICY**

The RSC, an operating component within the Office of Community Justice Programs, shall provide clinical substance abuse assessment and treatment readiness that prepares

**Exhibit** Ч

Court Services and Offender Supervision Agency for the District of Columbia
Policy Statement 3001
Effective Date: 8/3/2007
Page 2

offenders/defendants for long-term treatment programs, community supervision and viable community living.

The RSC's Program Director and Deputy Director shall be responsible for the overall operation of the RSC.  RSC staff and managers shall be primarily responsible for the daily operations of the RSC as determined and delegated by the Program Director and/or the Deputy Director.  Specific procedural guidance for the staff's effective and efficient programming and management of the RSC shall be contained in an Operational Manual. Procedural guidance for offenders/defendants shall be provided in the RSC's Resident Handbook.

IV.    **AUTHORITIES, SUPERSEDURES, REFERENCES AND ATTACHMENTS**

A. Authorities

D.C. Official Code § 24-133 (b); 111 Stat. 748, Pub. L. 105-33, § 11233.

B. Supersedures

None

C. Procedural References

RSC Operational Manual
RSC Resident Handbook

D. Attachments

None

**EXHIBIT Z**

06/27/2007 15:28 FAX 2024421586    CSOSA



**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Investigations, Diagnostics, and Evaluations Branch*
*Transitional Intervention for Parole Supervision (TIPS)*
*Branch 1 – IDEB Team #27*

May 1, 2007

Steven Brunson, Parole Analyst
U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Subject: Bailey, Jerome**
**DCDC#: 192-155**
**PDID#: 318-038**
**Register No.: 08508-000**
**Current Offense: Possession with Intent to Distribute**
**Controlled Substance & Unlawful Possession**
**With Intent to Distribute Controlled Substance**
**Release Method/Date: Parole/8-21-07**

Dear Mr. Brunson,

This letter is to inform you that the above-mentioned offender has been accepted for admissions into the Re-Entry and Sanction Center located at 1900 Massachusetts Ave, S.E., Karrick Hall, Bldg. 17, Washington, DC 20001. Therefore, we are respectfully requesting that you add the following as a special condition of his release: "The offender is to participate as directed by his/her CSO at the Reentry and Sanction Center (RSC)." This request is based all or in part on the offender's criminal and substance abuse history. The addition of this condition will aid the offender's reintegration into society and possibly safeguard the community.

Any additional correspondence regarding this offender should be forwarded to OPU at 300 Indiana Avenue, NW, Room 2070, Washington, DC 20001 or via fax at (202) 585-7520. If you have any questions, you may contact OPU at (202) 585-7377.

Respectfully Submitted,

Thressia Ingram
Community Supervision Officer

Approved by: _____ 5/2/07

Sharon Mays Jacks
Supervisory Community Supervision Officer

*800 North Capitol Street, NW, 2602, Washington, DC 20002*
*Voice: (202) 442-1488   Fax: (202) 442-1598*

Exhibit  Z

# **EXHIBIT AA**

U.S. Department of Justice                                          **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

| | | |
|---|---|---|
| Name: Bailey, Jerome | Institution: | Rivers CI |
| Register Number: 08508-000 | | |
| DCDC No: 192-155 | Date: | July 12, 2007 |

In the case of the above-named, the Commission orders pursuant to 28 C.F.R. §2.85:

Reopen and add Reentry and Sanction Center Condition. No change in parole effective date of August 21, 2007. Remove special condition of 120-day CCC placement.

**With the special condition(s) as indicated below:**

In addition, you shall reside in and participate in a program of the Re-Entry and Sanctions Center until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**REASONS:**

The Commission has determined, based upon a request from the Supervising Officer that the Reentry and Sanction Center condition be added to assist with supervision and protect the public. In addition, you have been accepted into Reentry and Sanction Center, therefore the special condition of CCC placement is being removed.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

Clerk:  OMG

**Exhibit** AA

# **EXHIBIT BB**

**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Having determined that (1) Bailey, Jerome, Register No. 08508-000, (DCDC No. 192-155) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on **August 21, 2007** and remain under parole supervision through **March 6, 2012.** The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on July 24, 2007.

UNITED STATES PAROLE COMMISSION

By: Dawn M. Booze-Hill, Case Services Technician

Docket/Case Number: F6929-84/E6273-85
Initial Risk Category: SFS - 2

**Acknowledgement of Release Conditions**
I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of those conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**
By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision; and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_____       _____
        Name                                                 DCDC No.

Witnessed: _____       _____
                   Name and Title                                 Date

The above-named inmate was released on the _____ day of _____, 20_____ with a total of _____ days remaining to be served.

_____
Official Certifying Release

Queued: 07-24-2007 10:57:09 BOP-Rivers CI |

Exhibit BB

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

    B.  If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4.  You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence, or (C) a change in your employment.

5.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8.  You must not violate any law and must not associate with someone else who is violating any law.

9.  You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child-support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment-payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic-violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender-rehabilitation program if such a program is readily available within a 50-mile radius of your residence.

16. If you are required by law to report and register as a sex-offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

Queued: 07-24-2007 10:57:09 BOP-Rivers CI |

**SPECIAL CONDITIONS**

In addition, you shall reside in and participate in a program of the Re-Entry and Sanctions Center until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Drug and Alcohol Aftercare Conditions that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug and alcohol dependency. That program may include testing and examination to determine if you have reverted to the use of drugs or alcohol. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.



Queued: 07-24-2007 10:57:09 BOP-Rivers CI |

# **EXHIBIT CC**

Welcome Marcia Davis! |   Supervision - C:

# SMART

| Home | Offender | Supervision | Drug Testing | Assessment | Victim | *Treatment* | Investiga |
|------|----------|-------------|--------------|------------|--------|-------------|-----------|

*Treatment History*   Pre-Tx/Sanc  Vendor Sessi

Jerome Bailey

**Treatment History**

| Treatment Dates | Current or Fi |
|-----------------|---------------|
| 9/18/2007 - 12/17/2007 | Treatment In-Progress |
| 4/13/2005 | Treatment Closed - Completed |
| 10/27/2004 - 3/28/2005 | Treatment Closed - Completed |
| 9/16/2002 - 12/28/2004 | Treatment Closed - Completed |
| 9/16/2002 - 9/24/2003 | Treatment Closed - Completed |
| 9/16/2002 - 5/27/2003 | Treatment Closed - Completed |
| 9/16/2002 - 3/10/2003 | Referred to In-house Treatment |
| 9/16/2002 | Referred to CSOSA Vendor Placen |
| 9/16/2002 | Treatment Recommended (Evalua |
| 9/16/2002 | Treatment Recommended (Evalua |

**Treatment Information**

| | | |
|---|---|---|
| **Treatment History for:** | 9/18/2007 - 12/17/2007 | Stat |
| **Date of CSO Referral:** | 9/17/2007 | Referring CS |
| **Compliance Review Date:** | | |
| **Referral Type:** | | |
| **CSO Referral Reason:** | System Generated | |
| **CSO Referral Comment:** | (System-generated) | |
| **Date of Placement:** | 9/17/2007 | RPT St: |
| **Placement Modality:** | Transitional | Placeme |
| | | Program Ty|

Exhibit _C C_

10/04/2007 09:08 FAX  2024421195        RSC-ADMIN                        ☑011/025
DesktopDefault                                                    Page 2 of 2

**Treatment Vendor:** Federal City Recovery           **Treatm(**
                     Services                    **Program Nan**
**Planned Start Date:** 9/18/2007                **Planned Dischar**
                                                            **Da**
**Length of Treatment:** 90 Sessions

**Date Tracking Started:** 9/19/2007               **Assigned**
**Actual Start Date:** 9/18/2007              **Actual Dischar**
                                                            **Da**
**Discharge Reason:**
**Discharge**
**Recommendation:**

                                            Go Back

                                      **Version 3.1.10.0**